In the Matter of R. F. Fanning.

January 4, 1889.

**Divorce—Commitment until Payment of Fine adjudged for Contempt in not paying Temporary Alimony and until Payment of Arrears of Alimony—Effect of Judgment of Dismissal of Divorce Suit.**

*Habeas Corpus* and *Certiorari,* the writs issuing from this court January 2, 1889, returnable January 4th, and the facts being as follows: The petitioner, R. F. Fanning, sued his wife in the district court for Hennepin county, for divorce for cruelty. In her answer she sought a divorce on the same ground. In October, 1887, the petitioner was ordered to pay his wife alimony *pendente lite,* at a specified rate per week. On March 2, 1888, the court filed its decision that neither party was entitled to relief against the other. On December 22, 1888, in proceedings before *Lochren,* J., against petitioner for disobedience of former orders in respect to the alimony, he was adjudged to be in contempt, and sentenced to be imprisoned in the county jail until he should pay a fine of $30, and the sum of $48, arrears of alimony, not exceeding three months, and he was committed and imprisoned. On December 27, 1888, final judgment of dismissal was entered in the divorce suit.

*W. H. Donahue* and *James A. Kellogg,* for petitioner.

*Thos. Canty,* for respondent.

*By the Court.* In this case the order committing for contempt had a double aspect: *First,* it was in the nature of a remedy to the party to enforce payment of the alimony; *second,* it was also punitive, or merely in punishment of the offence of contempt. In the first aspect it was only for the private benefit of the party; in the second, only to assert and vindicate the authority of the court, and so far its purpose was public. So far as it was private or remedial,—that is, so far as it required payment of money to the other party,—its force and life fell with the entry of judgment of dismissal; but, so far as it imposed a fine, the entry of judgment did not affect it. It follows that the petitioner is not entitled to a discharge until he has paid the

fine.    On payment of that, the remainder of the order being no longer in force, of course he will be entitled to a discharge.    Let the petitioner be remanded.