HOLDENA STIEHM v. JULIUS E. STIEHM.[1]

October 26, 1897.

Nos. 10,736—(101).

**Divorce—Alimony Pending Suit.**

G. S. 1894, § 4799, which provides that "in every action brought either for a divorce or separation" alimony pendente lite may, in the discretion of the court, be awarded to the wife, must be construed as requiring the court to exercise a sound judicial discretion. While the fact that a wife has separate property of her own is a circumstance to be considered in determining her application for temporary alimony, it is not necessarily controlling.

**Same—Abuse of Discretion.**

An abuse of sound judicial discretion must plainly appear to justify any interference with an order awarding temporary alimony made by the court below.

**Same.**

*Held,* that no such abuse of discretion had been made to appear in the case at bar.

Appeal by defendant from an order of the district court for Sibley county, Cadwell, J., fixing and directing the payment of temporary alimony by defendant to plaintiff. Affirmed.

*W. H. Leeman,* for appellant.

If the wife has sufficient means to maintain her in the rank of life to which she is accustomed, no temporary alimony will be granted her. 1 Am. & Eng. Enc. Law, 473; Collins v. Collins, 80 N. Y. 13; 2 Bishop, Mar. & Div. (6th Ed.) § 394; Kenemer v. Kenemer, 26 Ind. 330; Porter v. Porter, 41 Miss. 116; Turner v. Turner, 80 Cal. 141; Harding v. Harding, 40 Ill. App. 202; Rawson v. Rawson, 37 Ill. App. 491; Maxwell v. Maxwell, 28 Hun, 566; Westfield v. Westfield, 36 N. J. Eq. 195. It is conceded that the granting of temporary alimony is a matter resting largely in the discretion of the trial court, yet it is a judicial discretion and not an arbitrary one; and when no material question of fact is in issue, as in this case, it

[1] Reported in 72 N. W. 708.

becomes a question of strict legal right. Ross v. Ross, 10 N. W. 193; Collins v. Collins, supra; Hoddon v. Hoddon, 36 Fla. 413; Sanchez v. Sanchez, 21 Fla. 346; Turner v. Turner, supra.

*Thos. Hessian,* for respondent.

Under G. S. 1894, § 4799, the whole question of the allowance of alimony, whether it should be allowed at all, and its amount, is a matter for the sound discretion of the court in view of all the circumstances of the case. Small v. Small, 42 Iowa, 111; Foss v. Foss, 100 Ill. 576; Harrison v. Harrison, 49 Mich. 240; Leslie v. Leslie, 6 Abb. Pr. N. S. 193; Sumner v. Sumner, 54 Wis. 642; Hill v. Hill, 47 Ga. 332; Marker v. Marker, 11 N. J. Eq. 256. The judgment of the court with respect to the allowance or amount of the alimony pendente lite is discretionary, therefore, and will remain undisturbed on appeal, unless there appears a clear and flagrant abuse of its discretion. Hecht v. Hecht, 28 Ark. 92; Cory v. Cory, 81 Ind. 469; Foss v. Foss, supra; Leslie v. Leslie, supra; De Llamosas v. De Llamosas, 62 N. Y. 618; Sumner v. Sumner, supra.

COLLINS, J.

The wife brought an action for divorce against the husband, and this is an appeal by him from an order made before trial allowing her $25 attorney's fees, $12.50 to pay her witness' fees and other expenses of suit, and $8 per month from the time of the commencement of the action for the support of herself and their minor child, of which she has the custody, and ordering him to pay her these sums. In the court's order is the following finding or recital:

"From the moving and opposing affidavits used upon the hearing, it does appear that the plaintiff has about the same amount of property as the defendant has."

These affidavits show that the value of the property of each is about $450, or not to exceed $500. It also conclusively appears that defendant had no employment and no income, but why he was without employment does not appear. The bulk of her property consisted of promissory notes for the sum of $400, which had been given her by him and were then due. The affidavits show quite clearly that the notes were good and collectible, and defendant

offered to procure for her the money for two of them, amounting to $200. It also appeared that nearly all of the household furniture was purchased with plaintiff's money, and that defendant not only kept possession of it, but also kept most of the presents received by her at the time of the marriage. Appellant contends that under these circumstances the court abused its discretion in awarding the wife suit money and temporary alimony pending the action.

While the awarding of suit money and temporary alimony before a trial on the merits is to a great extent discretionary, still the court must exercise a sound, not an arbitrary, discretion. G. S. 1894, § 4799, provides that—

"In every action brought either for a divorce or separation the court may in its discretion require the husband to pay any sum necessary to enable the wife to carry on or defend the action, or for her support during its pendency."

This statute is broader than the old equity rule, which was probably in the mind of the New York court of appeals when, in Collins v. Collins, 80 N. Y. 1, 13, it said:

"The fact that a wife is destitute of means to carry on her suit, and to support herself during its pendency, is as essential as any other fact to authorize the court to award temporary alimony. This is not mere matter of discretion, but a settled principle of equity."

That the court using this language did not feel justified in abiding by it is obvious from the decision in Merritt v. Merritt, 99 N. Y. 643, 1 N. E. 605, where it was distinctly held that the fact that a plaintiff wife in a divorce action had some separate property did not bar her rights, or deprive the court of its discretionary powers upon her application for alimony pendente lite, when it appeared that such property did not come from her husband, and the income therefrom was not so great as to render all allowances unnecessary. Of course, the fact that the wife had property was a circumstance to be considered, said the court. Direct reference was made to Collins v. Collins, supra.

The statute above quoted must be construed with reference to the stricter equity rule which it was designed to supersede. The

court cannot allow temporary alimony in "every action," but must exercise its sound judicial discretion. The rule seems to be that, while the fact that a wife has separate property is a circumstance to be considered in determining an application for temporary alimony, if it is not sufficient to support her, and enable her to prosecute her suit, or make the proper defense, the court will still compel the husband to supply the deficiency. The fact is not necessarily controlling. 2 Am. & Eng. Enc. Law (2d Ed.) 106, with cases cited. The allowances made by the court below under the statute are of necessity largely within its discretion, and the abuse of that discretion must be plainly shown to justify us in interfering. A majority of the court feel confident that on the showing made the court below did not abuse its discretion, either in allowing suit money and alimony or in fixing the amount thereof.

Order affirmed.

CANTY J. (dissenting).

I cannot concur in the foregoing opinion. On well-settled principles, section 4799, above quoted, should be held merely declaratory of the old equity rule on the same subject. While the awarding of suit money and alimony before a trial on the merits is, to a great extent, discretionary, still the court should be required to exercise a sound, not an arbitrary, discretion. It is well known that the great gallantry of some courts in allowing very liberal alimony and attorney's fees before a trial on the merits offers a great inducement to some lawyers to advise their clients to commence divorce proceedings on the slightest provocation, and to some wives to take that way of avenging themselves whenever they may become vexed at their husbands. Being too ready to award temporary alimony and suit money before trial offers a premium on divorce. There is much tendency to abuse in the awarding of suit money and temporary alimony before trial, and it should not be held that the trial court has any more than a sound discretion in awarding the same.

"It must appear that the wife is without the means to maintain herself, and to enable her to properly conduct her suit or defense; when it is shown that she has sufficient means, alimony pendente

lite will not be allowed." 2 Am. & Eng. Enc. Law (2d Ed.) 105, and the many cases cited.

While in this case the wife has no large amount of means, she has as much as her husband, and her means are much more available than his. Considering the small amount of property and resources of both parties, she certainly has more ready and available means than she should spend in prosecuting this action and supporting herself until a trial can be had on the merits. If it appears on the trial that the wife should prevail, the court may then award her suit money and temporary alimony from the commencement of the action, if justice and equity so require, whether she has means of her own or not. Again, if the wife's means are not available, and cannot be realized on without great sacrifice, or without her husband's consent or signature, which he refuses to give, the court may, perhaps, in its discretion, in a proper case allow her suit money and temporary alimony before trial. But here the wife's means are available.

But money ordered paid for the support of the minor child of the parties during the pendency of the action stands on a different footing. It is the duty of the husband to support his minor children, whether his wife has available means or not, and whether she wrongfully refuses to live with him or not; and, if he permits the children to remain with her during the pendency of the action, the court may require him to pay her for their support. Again, the court may, in its discretion, award the custody of the children to either party during the pendency of the action; and, if the wife has the custody of such a child, the court may, by a like discretion, require the husband to support it during the pendency of the action.

In my opinion, the order appealed from should be reversed, and the cause remanded, with direction to the court below to allow such sum to the plaintiff for the support of said child during the pendency of the action as may be just and proper.

MITCHELL, J. (dissenting).

I concur in the dissent of Justice CANTY. While the amount involved is so small that defendant's appeal is not calculated to impress a court favorably, yet the legal principle decided is liable to become a precedent for more meritorious cases of the same kind.