## HULDA E. WETTER v. WILLIAM F. WETTER.[1]

May 7, 1920.

No. 21,698.

**Divorce — temporary alimony and attorney's fee.**

Section 7119, G. S. 1913, does not authorize an award of temporary alimony,

[1]Reported in 177 N. W. 491.

suit money and attorney's fees, unless necessary for the wife's support and for securing a proper presentation of her cause of action or defense to the court. The fact that the wife has some property does not foreclose the court from awarding her temporary support money. Stiehm v. Stiehm, 69 Minn. 461, 72 N. W. 708. [Reporter.]

### Same — amounts awarded were proper.

Where plaintiff owned $1,800 in certificates of deposit and a mortgage of $400, and defendant admitted he was worth $56,000, the court did not err in directing defendant to pay $175 for attorney's fees and $65 per month for plaintiff's support. [Reporter.]

Action for divorce in the district court for Carver county. Plaintiff moved for an order directing defendant to pay her or her attorneys $50 for fees of officers and witnesses, $500 for fees of her attorneys and $100 per month for support of plaintiff and her youngest child. From an order, Tifft, J., directing the payment of $65 per month as temporary alimony, $35 for fees of officers and witnesses, and $175 for attorney's fees, defendant appealed on the ground that the court abused his discretion in making the same. Affirmed.

*P. W. Morrison*, for appellant.

*W. C. & W. F. Odell*, for respondent.

PER CURIAM.

The court ordered defendant to pay plaintiff certain sums for attorney's fees, suit money and support pendente lite of her divorce. Defendant appeals from the order.

The reasonableness of each item awarded is conceded, but the contention is that the court was without authority to order defendant to pay anything whatever, because the showing disclosed that plaintiff owns certificates of deposit in banks to the amount of $1,800, and also a note for $400, secured by mortgage. Defendant is worth not less that $56,000 by his own admission.

Temporary alimony, suit money and attorney's fees are to be awarded cautiously. The statute, section 7119, G. S. 1913, does not authorize the same, unless necessary for the wife's support and for securing a proper presentation of her cause of action or defense to the court. Whether she has means of her own must be considered in determining the necessity of aid from the husband. But it was held in Stiehm v. Stiehm, 69 Minn. 461, 72 N. W. 708, that the fact that the wife in the divorce suit has some property does not preclude the court from awarding her temporary support money. Where the wife's income from what property she may own is not sufficient for her support and expenses while the divorce action is pending, or where it is not readily available for her immediate need, it is generally held proper for the

court to compel the husband to contribute. Cooper v. Cooper, 185 Ill. 163, 56 N. E. 1059; Sellers v. Sellers, 141 Ind. 305, 40 N. E. 699; Campbell v. Campbell, 73 Iowa, 482, 35 N. W. 522; Rose v. Rose, 53 Mich. 585, 19 N. W. 195; Graves v. Graves, 143 App. Div. 923, 128 N. Y. Supp. 499; Merrit v. Merrit, 99 N. Y. 643, 1 N. E. 605; Bailey v. Bailey, 127 N. C. 474, 37 S. E. 502; Seads v. Seads, 27 Pa. Co. Ct. 26; 19 C. J. § 517, Title Divorce.

We think the showing sufficient to warrant the court in the exercise of judicial discretion to order defendant to pay the several sums referred to.

Order affirmed.