## ANASTAZI MUWINSKI v. AMALIA MUWINSKI.[1]

November 7, 1924.

No. 24,147.

**Alimony and suit expenses in action to annul marriage.**
Where the husband brings a suit for annulment and the wife defends asserting the validity of the marriage, she may claim alimony, pendente lite, and allowance for expenses of the suit and for counsel fees.

Action in the district court for Hennepin county to annul a marriage. From an order, Salmon, J., that plaintiff pay defendant $6 per week as temporary alimony and support money pendente lite, plaintiff appealed. Affirmed.

*Norton & Norton*, for appellant.
*Katzmarek & Petzke*, for respondent.

QUINN, J.

Action by the husband to annul a marriage, between himself and the defendant, upon the contended ground that the defendant had a husband living at the time of her alleged marriage to the plaintiff. Upon motion the trial court made and filed an order directing plaintiff to pay the defendant's attorneys $150 as attorneys' fees

[1]Reported in 200 N. W. 465.

in the cause, and to pay to the defendant $6 per week, commencing on Monday, March 1, 1924, as temporary alimony, pendente lite. From such order, plaintiff brings this appeal.

In her answer the wife, coupled with a general denial, counterclaims for a divorce on the ground of cruel and inhuman treatment. She may succeed in her contention. No permanent alimony may be allowed until the final determination of the case. Alimony is based upon the common-law obligation of the husband to support his wife. The purpose of temporary alimony is merely to make provision for the support of the wife during the litigation. G. S. 1913, § 7120. True, the husband asks only for an annulment, but the wife denies the allegations of his complaint and asks for a divorce.

Insofar as the right to alimony, pendente lite, is concerned, where she is asserting the validity of her marriage, she may invoke the power of the court to compel a provision for her maintenance until the action has been terminated. Her marriage to the plaintiff is presumed to be legal until the contrary is shown. Temporary allowances may also be made for her counsel fees and other expenses of the litigation, which are governed by the same general principles as the allowance for maintenance.

Where the husband brings a suit for annulment and the wife defends, asserting the validity of the marriage, she may claim alimony, pendente lite, and allowance for expenses of the suit and for counsel fees. 26 Cyc. 918; Richard v. Richard, 143 Iowa 182, 121 N. W. 525, 26 L. R. A. (N. S.) 500, and note; North v. North, 1 Barb. Ch. (N. Y.) 241, 43 Am. Dec. 778; Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9; Griffin v. Griffin, 47 N. Y. 134; Arey v. Arey, 22 Wash. 261, 60 Pac. 724; Lea v. Lea, 104 N. C. 603, 10 S. E. 488, 17 Am. St. 692; Kimble v. Kimble, 17 Wash. 75, 49 Pac. 216; Hite v. Hite, 124 Cal. 389, 57 Pac. 227, 45 L. R. A. 793, 71 Am. St. 82; Eliot v. Eliot, 77 Wis. 634, 46 N. W. 806, 10 L. R. A. 508; Willits v. Willits, 76 Neb. 228, 107 N. W. 379, 3 L. R. A. (N. S.) 767, 14 Ann. Cas. 883.

The allowance of temporary alimony and counsel fees was within the discretion of the trial court upon the showing made and we refrain from interfering.

Affirmed.