## MARION P. RICHARDSON v. GEORGE E. RICHARDSON.[1]

June 30, 1944.

No. 33,660.

*John D. Sullivan* and *William W. Fink,* for appellant.
*McMeekin & Quinn,* for respondent.

YOUNGDAHL, JUSTICE.

Defendant appeals from an order adjudging him in contempt of court for failure to comply with a former order awarding plaintiff temporary alimony.

Plaintiff brought this action for an absolute divorce, custody of the parties' two children, alimony, and support money. On March 21, 1940, during the pendency of the suit, an order was made grant-

[1]Reported in 15 N. W. (2d) 127.

ing plaintiff temporary alimony. Defendant became delinquent in his payments, and at the time the final decree was entered he was $635 in arrears. Plaintiff was awarded judgment for this amount, which was incorporated in and became part of the final decree entered February 13, 1941, which also included an award for permanent alimony.

Previous contempt proceedings brought by plaintiff had not produced the desired results, the last of which resulted in a dismissal on June 29, 1943. She instituted the present proceedings on August 5, 1943, when an order was served upon defendant to appear and show cause why he should not be punished for contempt for failure to make the temporary alimony payments granted by the order of March 21, 1940. The result of the hearing on this order to show cause was defendant's conviction for contempt and his sentence of 90 days in the county jail. The propriety of the order adjudging defendant in contempt and imposing sentence therefor is questioned on this appeal. Among other grounds for reversal, defendant urges that contempt proceedings could not be founded upon his default in payment under the temporary order. Plaintiff disputes this contention and urges that the order for contempt included default under the final judgment and decree as well.

■ The order to show cause upon which defendant was brought before the court and adjudged guilty of contempt and sentenced was predicated solely upon his failure "to abide by and obey the terms and provisions of the temporary Order of this Court awarding the Plaintiff temporary alimony and support and maintenance for the minor children." The order adjudging him in contempt purports to include, by its language, default by the defendant in failing to make payments of permanent alimony granted by the final decree, as well as delinquencies in payment of temporary alimony under the order of March 21, 1940. The order adjudging defendant in contempt, insofar as it includes matters not responsive to the order to show cause, on which defendant was called into court, cannot be sustained, "for the manifest reason that it was not the charge which he was called into court to answer." State

ex rel. Hurd v. Willis, 61 Minn. 120, 123, 63 N. W. 169, 170. Defendant adequately protected his record by objecting to the hearing on the ground that the order to show cause was based upon the temporary order, no longer in effect. If, therefore, an order adjudging him in contempt because of default under the temporary order could not lawfully be made after the entry of the final judgment and decree, the finding of contempt cannot be sustained.

■ It is our opinion that when the contempt proceedings were brought the order for temporary alimony had become merged in the judgment and decree of divorce, that it was no longer effective or enforceable, and therefore that contempt proceedings could not be based thereon. That conclusion is supported, in the first instance, by a consideration of the purpose of temporary alimony or support money *pendente lite*. The latter term, which is self-defining, means "during the pendency of the litigation" and is intended to provide support and maintenance for a wife and children during that period and until such time as a final adjudication is had of the property rights of the parties as expressed in the final decree of divorce. Minn. St. 1941, § 518.14 (Mason St. 1927, § 8593) ; Muwinski v. Muwinski, 160 Minn. 477, 200 N. W. 465.

Except in those jurisdictions where the statutes and practice differ from ours as to the nature of an award of temporary alimony, it has been generally held that the entry of final judgment and decree of divorce supersedes an order for temporary alimony, and that temporary alimony does not continue after a dismissal, discontinuance, or abandonment of the action. McCaleb v. McCaleb, 177 Cal. 147, 169 P. 1023; Eldridge v. Eldridge, 278 Mass. 309, 180 N. E. 137; Tracy v. Tracy, 184 Ark. 832, 43 S. W. (2d) 539; Bowsky v. Silverman, 184 La. 977, 168 So. 121; Woods v. Woods, 236 Mo. App. 855, 159 S. W. (2d) 320; McCurley v. McCurley, 60 Md. 185, 45 Am. R. 717; In re Matter of Fanning, 40 Minn. 4, 41 N. W. 1076; *Cf.* Wagner v. Wagner, 34 Minn. 441, 26 N. W. 450, as to the court's power to grant an allowance for counsel fees and expenses of litigation after dismissal of the divorce action; and Johnson v. Johnson, 217 Minn. 436, 14 N. W. (2d) 617, as to the effect of a stip-

ulation of dismissal in a divorce action upon an attorney's lien subsequently filed.

Under § 518.14, *supra,* an order for the payment of temporary alimony is an intermediate and interlocutory order and is so generally considered. As such, it becomes merged in and disposed of by the final decree or judgment. The character and purpose of such order makes any other conclusion illogical. As stated in Walter v. Walter, 15 App. D. C. 333, 338:

"But alimony *pendente lite* being in all cases merely an incident and *ex vi termini* limited in its duration to the pendency of the proceedings, it necessarily comes to an end whenever the proceedings are finally terminated by decree, whatever be the purport of such decree, and in whosesoever favor it be.

\* \* \* \* \*

"The final decree in such proceedings, whether in favor of the husband or the wife, and whether it decrees a divorce or refuses it, may make provision for permanent alimony, \* \* \* and, if any alimony *pendente lite* remains in arrear and unpaid, the final decree may make provision for its payment."

That, in fact, was done in the instant case when the accumulated defaults were included in the final decree, and judgment was ordered for plaintiff for the arrearages. See, also, Henry v. Henry, 74 W. Va. 563, 82 S. E. 522, L. R. A. 1916B, 1024; Longfellow v. Longfellow, 1 Clarke Ch. (N. Y.) 240; DeMund v. Superior Court, 213 Cal. 502, 2 P. (2d) 985.

Since the temporary order became merged in the final judgment and decree, the question is whether contempt proceedings nevertheless could be brought upon default under the temporary order occurring prior to the entry of the decree. This court has not heretofore passed on the precise question presented, but in In re Matter of Fanning, 40 Minn. 4, 41 N. W. 1076, 1077, *supra,* it was held that the "force and life" of an order granting alimony *pendente lite,* so far as it required payment of money to the other party, fell with the entry of judgment of dismissal, which, in that case, was

entered after the order committing defendant for contempt. The court therefore held that, "so far as it [the order in contempt] imposed a fine, the entry of judgment [of dismissal] did not affect it." That phase of the court's holding as to the continuance of punishment after the decree was entered is not pertinent here, where the issue is whether contempt proceedings can be based on default under a temporary order where the judgment and decree has been entered prior to the commencement of the contempt proceedings.

Although there is some authority to the contrary, we believe the better rule to be that after the final judgment and decree has been entered the court is without power, in proceedings based only upon a prior temporary order, to punish a defendant for contempt for failure to make payments thereunder of alimony *pendente lite*. Pace v. Bergquist, 173 Ga. 112, 159 S. E. 678; Mittman v. Mittman, 263 App. Div. 384, 33 N. Y. S. (2d) 211; Duss v. Duss, 92 Fla. 1081, 111 So. 382; Walter v. Walter, 15 App. D. C. 333; Eldridge v. Eldridge, 278 Mass. 309, 180 N. E. 137, *supra*. In the Mittman case, this precise situation was before the appellate division of the New York supreme court, except that a stronger argument was available for defendant there, because the arrearages under the temporary order had not, as here, been included in the final decree. In reversing the lower court, which had ordered defendant punished for contempt for failure to obey a temporary order after decree was entered, the court said (263 App. Div. 385, 33 N. Y. S. [2d] 212):

"* * * After the entry of judgment it is too late to enforce by contempt the payment of alimony *pendente lite*. * * *

"* * * The purpose of the statute, so far as pertinent here, is to provide for the support of the wife and for the maintenance of the children of the marriage during the pendency of the action. Since the allowances are only made *pendente lite,* the order granting the same necessarily becomes ineffective upon the termination of the action. * * * *When the life of the order thus expires, the statutory remedies provided for its enforcement * * * fall at the same time."* (Italics supplied.)

Persuasive also is this statement by the court in Walter v. Walter, 15 App. D. C. 333, 339, *supra:*

"\* \* \* The question, then, is presented, whether under these circumstances the wife can go back of the final decree and reopen the cause so as to give effect to the interlocutory order for allowance of alimony *pendente lite* \* \* \*.

"We do not think that this can properly be done. The final decree must be regarded as having disposed of the whole cause and of every issue in the cause, whether direct or incidental. This is the purpose of all final decrees and the foundation of the doctrine of *res adjudicata.*"

The order here is therefore reversed, without prejudice to the commencement of further contempt proceedings under the final judgment and decree.

Although we do not now pass upon the merits, a careful reading of the record reveals such an evident lack of good faith on the part of defendant in complying with the decree as to payment of alimony and support money that we are disallowing all costs and disbursements in this court.

Reversed.