### EVELYN TRUTNAU v. CHESTER TRUTNAU.[1]

April 5, 1946.

No. 34,165.

[1]Reported in 22 N. W. (2d) 321.

*Thomas Tallakson,* for appellant.

*Matthew C. Tschida,* for respondent.

PETERSON, JUSTICE.

The question in this case is whether a husband may be found guilty of contempt after entry of judgment of divorce for failure to pay temporary alimony allowed by prior order of court, where the judgment reserves to the wife the right to the allowances provided for in the order.

Plaintiff, during the pendency of this action for divorce, obtained an order allowing her temporary alimony and attorney's fees. At the time of trial there was due her $900 unpaid temporary alimony. Evidently $60 thereof was paid after entry of the judgment. The judgment reserved to plaintiff the right to the unpaid temporary alimony without stating what amount was due. Upon a showing that the $840 was unpaid, plaintiff moved to amend the judgment so as to provide that she was entitled to recover $840 from defendant. At the same time she made another motion to amend the judgment so as to provide that defendant pay her as alimony $50 per month instead of $35. Defendant made a countermotion to amend the judgment by eliminating therefrom the provision reserving to plaintiff the right to the unpaid temporary alimony. The trial court denied the three motions, except that it ordered defendant to pay to plaintiff $45 per month, of which $10 was to be applied on the unpaid temporary alimony and the balance was to be permanent monthly alimony, and also the sum of $25 as an attorney's fee. Defendant has failed to comply with the order although it was duly served on him. In answer to the order to show cause why he should not be adjudged to be in contempt for failure to make

the payments according to the order, defendant took the position that, because of the entry of the judgment, the court could not compel him to pay the unpaid temporary alimony.

■ In Richardson v. Richardson, 218 Minn. 42, 15 N. W. (2d) 127, 154 A. L. R. 526, we held that, where a judgment is entered in a divorce case, all allowances of temporary alimony under prior order of the court become merged in the judgment and unenforceable, unless, as we said (218 Minn. 45, 15 N. W. [2d] 129, 154 A. L. R. 528), citing Walter v. Walter, 15 App. D. C. 333, 338, the judgment makes provision for their payment. See, Annotation, 154 A. L. R. at p. 540. Here, the judgment and the order amending it made such provision, and for that reason payment thereof may be enforced by contempt proceedings.

■ The suggestion has been made here that the judgment and order amending it leave uncertain the amount to be paid by defendant. This point was not raised in the trial court and cannot be raised here for the first time on appeal. The trial judge said: "Both the plaintiff and the defendant are well aware of the amount due." Of course defendant may apply to the trial court for an order determining the balance due, if that be necessary.

For the reasons stated in Louden v. Louden, 221 Minn. 338, 22 N. W. (2d) 164, we allow plaintiff only $150 as attorney's fees on this appeal in addition to her regular costs and disbursements.

Affirmed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.