# ELMER A. CARLSON v. HANNAH W. CARLSON.[1]

May 25, 1951.

No. 35,454.

[1]Reported in 48 N. W. (2d) 58.

*Nathan Rivkin,* for appellant.
*Covell, Root & Bachelder,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order *pendente lite* in divorce proceedings. Therein defendant, Hannah W. Carlson, was awarded the exclusive right of occupancy of the homestead of the parties in Minneapolis, together with miscellaneous articles of household furniture and equipment therein. Plaintiff was directed to pay her the sum of $30 per week as temporary alimony and $50 temporary attorneys' fees, and was restrained from alienating, transferring, or in any manner disposing of the property of the parties, including the sum of $6,000 cash on deposit in his name.

The sole questions presented here are (1) whether the court abused its discretion in making the order for alimony *pendente lite;* and (2) whether it had the authority and jurisdiction under applicable statutes to award the use of the homestead for occupancy to defendant and to order plaintiff's removal therefrom.

The order was based upon affidavits submitted by both parties. The answer and defendant's affidavit set forth that since her marriage in 1929 she has been employed by the city of Minneapolis at the Minneapolis General Hospital; that shortly prior to the commencement of this action she suffered a stroke and since that time has been suffering from hypertensive cardiovascular disease, aggravated by a highly nervous condition; that it cannot be determined when she will be able to resume her employment; that on September 11, 1950, and at other times, plaintiff assaulted her; and that, unless restrained, he will again cause her physical injury aggravating her illness.

Defendant's answer further sets forth that she and plaintiff purchased the described homestead in April 1930, and that title thereto was originally placed in their names as joint tenants; that, although

defendant contributed substantially to the original cost and improvement thereof, plaintiff, without her knowledge and consent, conspired to destroy the joint tenancy and procured title thereto to be transferred to his name alone; that she and plaintiff were at one time the owners of other real estate in northern Minnesota, which had been sold for $11,368; that, of such sales price, the sum of $6,000, more than one-half of which was the result of defendant's earnings, had been appropriated by plaintiff and deposited in a separate account in his name; and that substantially all the remainder of such sales price in the sum of $5,368 had been spent by plaintiff for his own use and benefit.

Defendant's answer further sets forth that at the present time she has no source of income from employment, property, or otherwise; that she has no assets, with the exception of $1,000 in savings, certain furniture and furnishings in the house, and an accumulation in the pension fund of the city of Minneapolis; that such pension fund is to provide security for her old age when her earning capacity will have ceased; and that plaintiff is steadily employed as a carpenter and earning approximately the sum of $96 per week before income taxes.

The facts set forth in defendant's affidavit and answer are not seriously challenged by plaintiff, but in his brief on appeal for the first time he asserts that he is not always employed and that his earnings do not always equal the sum of $96 per week, the amount which defendant asserts he earned when last employed.

■ We are of the opinion that the record fails to disclose any abuse of discretion on the part of the trial court. Plaintiff asserts that, because the affidavits establish that defendant had available savings with which to support herself and a credit in the pension fund of the city of Minneapolis, the court was guilty of an abuse of discretion in making the order in question. With this we do not agree. The fact that the wife in divorce proceedings possesses some property does not preclude an order granting her temporary support money where such property is not sufficient for her support and expenses while the action is pending or where it is not readily

available for her immediate needs. Wetter v. Wetter, 145 Minn. 499, 177 N. W. 491; Stiehm v. Stiehm, 69 Minn. 461, 72 N. W. 708; see, Hempel v. Hempel, 225 Minn. 287, 292, 293, 30 N. W. (2d) 594, 598; Bensel v. Hall, 177 Minn. 178, 225 N. W. 104; see, also, 1 Nelson, Divorce and Annulment (2 ed.) p. 424; Annotation, 15 A. L. R. 781.

It is clear from the record here that defendant, at the time of the order, had no income from any source. While she had some savings and a pension fund, we do not feel that she should be compelled to resort to either of these at this stage of the proceedings. This is particularly true as relates to the pension fund, which, as indicated, is to provide for her security when she has no further earning capacity. She has worked all her married life, and there seems little doubt that she has contributed substantially to the accumulation of the described properties and to general household support and maintenance. Clearly, under the circumstances disclosed, there was no abuse of discretion in directing plaintiff to pay her the sum of $30 per week while the action is pending.

■ We are asked to determine the authority of the court to grant a party in divorce proceedings exclusive possession of homestead property for purposes of occupancy pending litigation and to order one party to the proceedings to leave such property temporarily to the exclusive possession of the other. Plaintiff argues that this question constitutes a determination of an interest in real property not covered by statutory authority in actions of this kind. There is here no question as to the power of the court to award control of property for rental purposes pending the suit.

The contention that the court does not possess such power is equivalent to a challenge to its jurisdiction on the subject. It appears that the parties voluntarily injected this issue into the proceedings. Plaintiff, in a notice of motion attached to his complaint, moved the court for an order allowing him exclusive use of the property *pendente lite* and invoked the court's jurisdiction to determine his right thereto. This, in itself, would appear to have given the court proper authority to determine the issue. As stated in the Hempel case (225 Minn. 294, 30 N. W. [2d] 598):

"'* * * Voluntary litigation by the parties in a divorce case of their respective property rights confers upon the court jurisdiction to determine the questions raised thereby, regardless of whether otherwise the court would have had jurisdiction. * * * Here, the parties voluntarily litigated their respective rights not only to the automobile, but also to the personal property in their home and the right to occupy the home. Thereby, defendant not only consented to the exercise of 'power,' which he now says was lacking, but actually invoked it as to the very automobile now in question."

■ Further, M. S. A. 518.16 provides:

"The court, * * * may make * * *, during the pendency of such action, * * * such temporary orders relative to the persons or *property* of the parties, as shall be deemed necessary and proper." (Italics supplied.)

This general power conferred surely would authorize an order for shelter pending the outcome of the action which would constitute no more than a form of alimony. The language of § 518.16, above set forth, clearly seems to indicate that a temporary order may properly relate to the *property* of the parties *pendente lite*. We hold that the court had jurisdiction to determine this issue.

■ We find no error in the trial court's order directing plaintiff to remove himself from the premises. Certainly it would be intolerable to compel parties to live together in the same home during the pendency of divorce proceedings where such a course might seriously endanger the health or personal safety of one of the parties or react unfavorably in the event of the presence of children of the parties living therein. We hold such an order within the power of the court under § 518.16.

Affirmed.