160 So.2d 481

**Dixie Mae MADDOX**

**v.**

**L. G. MADDOX.**

**4 Div. 175.**

Supreme Court of Alabama.

Jan. 30, 1964.

Joe S. Pittman and Kenneth T. Fuller, Enterprise, for appellant.

W. R. Martin, Ozark, for appellee.

GOODWYN, Justice.

Appellant (wife) filed a bill for divorce against appellee (husband) grounded on cruelty. There were also prayers for alimony pendente lite, permanent alimony, a solicitor's fee, and for a reference before the register to fix the amount of alimony pendente lite. The reference was held as prayed for. The register's report, providing for payment by the husband of $20 per week and a solicitor's fee of $60, was confirmed.

The husband answered the bill and also filed a cross-bill seeking a divorce in his favor on the ground of the wife's voluntary abandonment.

After an oral hearing of the evidence on the bill and cross-bill, the trial court rendered a decree granting a divorce in favor of the wife and awarding her permanent alimony.

When the divorce decree was rendered the husband was in arrears in payments of

**198**

temporary alimony in an amount totalling $500.

The divorce decree awarded the wife 40 acres of land on which the parties' home was located (the husband owned a total of 130 acres) and also ordered the husband to pay her $10 per week as support and the sum of $200 for her attorney.

The divorce decree contains this provision: "All rights and obligations under the pendente lite order of this court are terminated."

The wife brings this appeal from said final decree and here insists that the court erred in not awarding her more than $10 per week as support and in relieving the husband of paying the $500 due under the pendente lite order.

■■ The amount of alimony is a matter addressed to the trial court's discretion (Code 1940, Tit. 34, § 31) as the circumstances of the case may justify (Code 1940, Tit. 34, § 32), and will not be revised on appeal in the absence of an abuse of discretion. We find no abuse of discretion here. Aside from any other consideration, we are impressed, from an examination of the evidence, that the trial court could have found that the wife was not blameless in bringing on the parties' marital difficulties, which circumstance could well have been considered as a measure palliating the husband's conduct and as abridging her claim to an allowance for alimony. See: Pope v. Pope, 268 Ala. 513, 515, 109 So.2d 521; McGregor v. McGregor, 257 Ala. 232, 58 So.2d 457. It could be that the trial court, in fixing the amount of weekly payments at $10 instead of the $20 per week allowed as temporary alimony, did so under the foregoing rule. Also, it is of note that the wife was given the 40-acre home place. We find no basis for holding that the trial court abused its discretion in not awarding the wife more than $10 per week as permanent alimony.

■■ We come now to the question whether there was error in relieving the husband of paying the $500 due under the award of temporary alimony. Specifically, the question is whether alimony pendente lite ordered to be paid by the husband to the wife in a divorce proceeding, and accruing prior to rendition of a final decree of divorce in such proceeding, becomes vested in the wife so as to deny authority in the trial court to terminate such accrued alimony on rendition of the final decree.

We find no Alabama case dealing with this precise question. In other jurisdictions, there is a division of authority. See: 17 Am.Jur., Divorce and Separation, § 616, p. 696; 27A C.J.S. Divorce § 210b(4), p. 923; 42 C.J.S. Husband and Wife § 619e, p. 234; Anno: "Final decree or dismissal of suit for divorce as affecting subsequent enforceability by contempt or otherwise of past defaults in payment of temporary alimony", 154 A.L.R. 530.

After due consideration of the authorities on both sides of the question, we prefer to follow, on the basis of being the better reasoned, those cases holding that, since an order allowing alimony pendente lite is purely interlocutory in nature (as held in Ex parte Hyatt, 254 Ala. 359, 360, 48 So.2d 329; Ex parte Cairns, 209 Ala. 358, 360, 96 So. 246; Rickerson v. Rickerson, 203 Ala. 203, 82 So. 453; Ex parte Jones, 172 Ala. 186, 188, 55 So. 491), a final decree of divorce has the effect of rendering unenforceable the right to accrued installments of alimony pendente lite, unless the right to such installments are saved by said final decree. See: Walter v. Walter, 15 App.D. C. 333; Duss v. Duss, 92 Fla. 1081, 111 So. 382, 385–386; Trutnau v. Trutnau, 221 Minn. 462, 22 N.W.2d 321; Richardson v. Richardson, 218 Minn. 42, 15 N.W.2d 127, 154 A.L.R. 526; Woods v. Woods, 236 Mo. App. 855, 159 S.W.2d 320; Lief v. Lief, 14 N.J.Misc. 27, 178 A. 762. From Duss v. Duss, supra, is the following discussion of the principle, viz.:

" * * * [S]o long at least as the enforcement of an interlocutory order for temporary alimony remains within the discretion of the court which made

it, the wife acquires no vested right to such alimony, for the order allowing it may be modified at any time, even as to installments accrued and unpaid. Such an interlocutory order is not a final judgment for the payment of money, nor one upon which an execution will issue. Neither will it support an action for debt. All proceedings to compel the payment of temporary alimony allowed by interlocutory order must be taken in the cause in which the order was granted. If such proceedings were taken, the final dismissal of the cause would clearly be a good answer thereto. If the rule were otherwise, it would lead to the anomaly of adjudging a delinquent husband in contempt for failure to obey an interlocutory order, although the cause in which such order was made had been unconditionally dismissed by final decree. We do not wish to be understood as saying that the chancellor may not require the payment of accrued alimony or adjudge appropriate punishment against a delinquent husband, before dismissing the cause, or that appropriate provisions may not be made for those matters in the decree of dismissal. We speak now solely of· the effect of a decree merely dismissing the cause and containing no provision whatever with respect to the payment of accrued temporary alimony. Such a decree of dismissal necessarily displaces and disposes of all interlocutory and provisional orders in the cause. When entered in a suit for divorce, such a decree will abrogate a former interlocutory order allowing temporary alimony, and hence, if entered while accrued installments remain unpaid, it will relieve the husband from paying such alimony, unless payment thereof be ordered or otherwise reserved or provided for in such final decree. In re Thrall, 12 App. Div. 235, 42 N.Y.S. 439, affirmed Thrall v. Thrall, 153 N.Y. 644, 47 N.E. 1111; Wright v. Wright, 6 Tex. 29; Chestnut v. Chestnut, 77 Ill. 346; Persons v. Persons, 7 Humph. (26 Tenn.) 183; In re Fanning, 40 Minn. 4, 41 N.W. 1076; Weaver v. Weaver, 33 Ga. 172; Bishop on Marriage and Divorce (6th Ed.) p. 378. * * *"

From Trutnau v. Trutnau, supra, is the following:

"In Richardson v. Richardson, 218 Minn. 42, 15 N.W.2d 127, 154 A.L.R. 526, we held that, where a judgment is entered in a divorce case, all allowances of temporary alimony under prior order of the court become merged in the judgment and unenforceable, unless, as we said (218 Minn. 45, 15 N.W.2d 129, 154 A.L.R. 528), citing Walter v. Walter, 15 App.D.C. 333, 338, the judgment makes provision for their payment. See, Annotation, 154 A.L.R. at page 540. * * *"

While, as already noted, we find no Alabama case dealing with the precise question here presented, we think what was said in Atkinson v. Atkinson, 233 Ala. 125, 127–128, 170 So. 198, lends support to our holding. Involved in that case was the question as to the effect of a divorce decree on a wife's right to installments under a decree for her separate maintenance which had matured before the divorce decree was rendered. It was held that, "on sound principle, a court of equity in a proceeding to enforce such decree may and should consider all equities arising since the rendition of same, and determine on principles of justice and equity what, if anything, the husband should be required to pay." As a prelude to this holding, the court had this to say:

"The argument is that a decree for permanent alimony, without divorce, rendered on a bill averring all jurisdictional facts, followed by decree pro confesso, reference to and report by the register, and supported by evidence before the register, is conclusive and final as to the amount of alimony and the time it is to run, until modified or vacated by further decree of the court;

that all installments matured and payable prior to the institution of proceedings to modify or vacate are fixed, constitute a vested estate in complainant, not subject to alteration by the court.

"This is the well-established rule in case of alimony payable in installments in connection and following a decree of absolute divorce. Epps v. Epps, 218 Ala. 667, 120 So. 150.

"There are well-marked differences between a decree for alimony on dissolution of the bonds of matrimony, and one for separate maintenance without divorce.

"The former is an absolute adjudication of the property rights of the wife in the estate of the husband. Under modern practice, as pointed out in Epps v. Epps, supra, an allowance may be in the form of monthly installments running into the indefinite future, payable from the future income of the husband in lieu of the maintenance to which the wife would be entitled but for the divorce. Hence our present rule permitting a modification of such decree as to unmatured installments because of change in the husband's financial condition, whether power so to do be expressly reserved in the decree or not. Adams v. Adams, 229 Ala. 588, 159 So. 80.

"Decree for separate maintenance is to provide for the wife while the relation of husband and wife still exists, but for the time is living apart from the husband without fault on her part. Such relief depends upon the lawful relation of husband and wife, looks to a reconciliation and resumption of the family relation in which maintenance shall be provided in the usual way. Hence a decree of divorce terminates the right to separate maintenance. Harrison & Saunders v. Harrison, 20 Ala. 629, 56 Am.Dec. 227; 30 C.J. p. 1076; Id. p. 1095, § 914.

\* \* \* \* \* \*

"In the instant case there was a decree of divorce for complainant on the cross-bill in a separate suit with no decree for alimony. This ended the duration of the decree for separate maintenance from and after its rendition \* \* \*.

"But a more important inquiry relates to the installments maturing prior to the decree of divorce.

\* \* \* \* \* \*

"We are of opinion the nature of such decree, its purpose and implied duration, differentiate it from cases of alimony after divorce involving a vested property right to all installments accruing before modification of the same.

" \* \* \* As above shown, it seems unquestioned that divorce terminates all rights for future maintenance under such decree, although no proceeding be had to vacate.

"A decree of this sort is held not a 'judgment' within the full legal import of the term (30 C.J. p. 1096, § 915); and cases stressing the point that acts of the parties do not ipso facto terminate the operation of the decree still assert that on a proceeding to enforce accrued installments the court is not bound to award the full amount, but on the facts, as they then appear, determine for what sum, if anything, the decree should be enforced. Knapp v. Knapp, executrix, 134 Mass. 353; McIlroy v. McIlroy, 208 Mass. 458, 94 N.E. 696, Ann.Cas.1912A, 934, 936, and note 937."

There appears no basis for allowance of an additional attorney's fee on this appeal, as requested by appellant.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.