Fred N. Hedberg v. Commissioner.
Hedberg v. Commissioner
Docket No. 5985-69.
United States Tax Court
T.C. Memo 1972-69; 1972 Tax Ct. Memo LEXIS 188; 31 T.C.M. (CCH) 277; T.C.M. (RIA) 72069; March 21, 1972, Filed *188 The petitioner's wife was granted an interlocutory order for temporary relief in 1966. She was granted a final judgment of divorce in 1967. Held: The petitioner was still married at the close of 1966 and is therefore not entitled to compute his tax liability for the taxable year 1966 as a "head of household." Fred N. Hedberg, pro se, 442-39th St., West Palm Beach, Fla.Clarence F. Frazier, Jr., for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: The respondent determined a deficiency in the Federal income tax due from the petitioner for the taxable year 1966 in the amount of $3,408.60. At trial, three of the issues involved in this case were disposed of orally. Two of the four dependency exemptions claimed by the petitioner have been allowed by agreement of the parties, and the Court found that the value of a contribution to Goodwill 278 Industries was $100 and that the petitioner paid to his former wife the entire $2,450 claimed as alimony payments. Consequently, the only issue remaining for decision is whether the petitioner is entitled to compute his tax liability for the year 1966 as a head of household. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits *190 attached thereto are incorporated herein by this reference. Fred N. Hedberg (hereinafter referred to as the "petitioner") was a resident of West Palm Beach, Florida, at the time the petition in this case was filed with this Court. Petitioner filed a timely Federal income tax return for the taxable year 1966 with the district director of internal revenue at St. Paul, Minnesota. The petitioner's former wife, Ann, filed for divorce in Hennepin County, Minnesota, in 1966. On May 9, 1966, an order for temporary relief was issued granting the petitioner temporary custody of the couple's two minor children, temporary exclusive use of the homestead, together with the furniture and furnishings therein, and temporary use of one of the couple's two automobiles. The order also required the petitioner to pay temporary alimony to Ann in the amount of $350 per month. In March 1967, petitioner and Ann Hedberg were divorced. Opinion In this case, the petitioner computed his tax liability for the taxable year 1966 as a head of household. Pursuant to section 1(b)(2), [1] the term "head of household" is limited to an individual who "is not married at the close of his taxable year." Section 1(b)(3) *191 further provides that "an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." The sole question for decision is whether the petitioner is not to be considered as married at the close of the taxable year 1966 pursuant to the rules prescribed in section 1(b)(2) and section 1(b)(3) for purposes of qualifying as a head of household. The effect of the order for temporary relief and its sufficiency for qualifying the petitioner as unmarried within the meaning of section 1(b)(2) and/or section 1(b)(3)(B) must be determined by reference to the applicable state law which in this case is the law of Minnesota. Helvering v. Stuart,, 317 U.S. 154 (1942); Lyeth v. Hoey, 305 U.S. 188 (1938). *192 Does the petitioner qualify as being "unmarried" by virtue of having been "legally separated from his spouse under a decree of divorce or of separate maintenance."? In our opinion, the petitioner does not so qualify. Under Minnesota Statute, sec. 518.62, temporary alimony may be awarded to the wife as provided for in Minnesota Statute, sec. 518.14, which states: 518.14 Temporary alimony or support money; costs and disbursements and attorney's fees In an action brought either for divorce or separate maintenance, the court, in its discretion, may require one party to pay a reasonable amount, necessary to enable the other spouse to carry on, or to defend the action, and to support such spouse and the children during its pendency. The court may adjudge costs and disbursements against either party. The court may authorize the collection of any money so awarded by execution, or out of any property sequestered, or in any other manner within the power of the court. An award of attorney's fees made by the court during the pendency of the action or in the final judgment survives the action and if not paid by the party directed to pay *193 the same may be enforced as above provided or by a separate civil action brought by the attorney in his own name. If the action is dismissed or abandoned prior to determination and award of attorney's fees the court may nevertheless award attorney's fees upon the attorney's motion and such award shall also survive the action and may be enforced in the same manner as last above provided. Thus, a Minnesota court may order temporary alimony during the pendency of an action for divorce or separate maintenance. See also Carlson v. Carlson, 234 Minn. 258, 48 N.W. 2d 58 (1951); Wetter v. Wetter, 279 145 Minn. 499, 177 N.W. 491 (1920); and Stiehm v. Stiehm, 69 Minn. 461, 72 N.W. 708 (1897). Payments made pursuant to such an order are in the nature of support in that the basic purpose of such an order is to provide support for the wife during the pendency of an action for divorce or separate maintenance and until there is a final determination of the rights of the parties as expressed in a final decree of divorce or separate maintenance. Rhein v. Rhein, 244 Minn. 260, 69 N.W. 2d 657 (1955); Richardson v. Richardson, 218 Minn. 42, 15 N.W. 2d 127 (1944); *194 and Muwinski v. Muwinski, 160 Minn. 477, 200 N.W. 465 (1924). Furthermore, an order for temporary alimony is merely an interlocutory order incident to an action for divorce or separate maintenance and is limited in duration to the pendency of such an action, i. e., it is alimony pendente lite. When the proceedings are finally terminated by decree, whether it be a decree for divorce or separate maintenance, the order for temporary alimony becomes merged into and is disposed of by such decree. Richardson v. Richardson, supra; Trutnau v. Trutnau, 221 Minn. 462, 22 N.W. 2d 321 (1946); and Muwinski v. Muwinski, supra.In the case of divorce, it is only upon the entry of the divorce judgment itself that the action becomes effective for purposes of dissolving the marital relationship. Minnesota Statute, sec. 518.27. See also Warner v. Warner, 219 Minn. 59, 17 N.W. 2d 58 (1945). Under Minnesota law, the temporary order before us did not effect a legal separation of the parties under a decree of divorce or its equivalent within the meaning of section 1(b). Petitioner's wife merely filed for divorce *195 in 1966, and the temporary order now before us was granted pending the outcome of divorce proceedings initiated by her action. The final judgment of divorce was not entered until March 1967, and under Minnesota law, the petitioner is not considered legally separated under a decree of divorce until that time. The order for temporary relief likewise fails to qualify petitioner as having been legally separated from his wife under a decree of separate maintenance. The principles applicable under Minnesota law to temporary orders for alimony pendente lite in divorce actions are also applicable to actions for separate maintenance. See, e.g., Rhein v. Rhein, supra.Hence, in the case of an action for separate maintenance, as in the case of action for divorce, an order for temporary alimony is an interlocutory order incident to such action and becomes merged into the final decree which is determinative of the legal status of the parties. Rhein v. Rhein, supra; Richardson v. Richardson, supra; and Warner v. Warner, supra.
In this case, the order for temporary relief granting the alimony pendente lite was issued pursuant to Minnesota Statute, sec. 518.14 *196 , the Minnesota Statute concerned with providing for the support of the wife during the pendency of an action for divorce or separate maintenance (see e.g., Richardson v. Richardson, supra; and Carlson v. Carlson, supra), upon a complaint seeking a divorce. The order cannot be considered a decree of separate maintenance. See Rhein v. Rhein, supra; Richardson v. Richardson, supra; and Trutnau v. Trutnau, supra.Thus, the order for temporary relief in the instant case was neither a decree of divorce nor a decree of separate maintenance. It must be regarded solely as enforcing a husband's marital duty to support his wife. Cf. Rhein v. Rhein, supra; and Richardson v. Richardson, supra.
Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. In the Revenue Act of 1969, the definition of a head of household was removed from sec. 1 and placed in sec. 2 as sec. 2(b). The schedule of the taxes imposed on heads of households remained in sec. 1 as sec. 1(b). See sec. 803(b), Pub. L. 91-172 (Dec. 30, 1969), and sec. 803(a), Pub. L. 91-172 (Dec. 30, 1969).↩