*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1068**

Kevin James Kleinschmidt,
Respondent,

vs.

Angela Rose Farkash,
Appellant.

**Filed May 13, 2024**
**Affirmed in part and reversed in part**
**Segal, Chief Judge**

Crow Wing County District Court
File No. 18-CV-21-328

David V. Hurt, Brainerd, Minnesota (for respondent)

Craig E. Shriver, Law Office of Craig E. Shriver, St. Paul, Minnesota (for appellant)

Considered and decided by Frisch, Presiding Judge; Segal, Chief Judge; and Reilly,

Judge.*

**NONPRECEDENTIAL OPINION**

**SEGAL**, Chief Judge

Appellant argues on appeal that the district court: (1) erred in finding her in civil

contempt and in awarding respondent attorney fees because the underlying harassment

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

restraining order expired prior to the contempt ruling; and (2) misapplied Minn. Stat. § 588.10 (2022) when it fined appellant because such a fine is a criminal sanction and appellant was found in civil, not criminal, contempt. We affirm the district court's finding of civil contempt and award of attorney fees to respondent, but we reverse the district court's imposition of a fine under Minn. Stat. § 588.10.

**FACTS**

In January 2021, respondent Kevin James Kleinschmidt petitioned for a harassment restraining order (HRO) against his ex-wife, appellant Angela Rose Farkash. Farkash denied the allegations in the petition but had no objection to the issuance of an HRO. As a result, the district court issued an HRO but did not make any findings of harassment. The HRO prohibited Farkash from having contact with Kleinschmidt, except in limited circumstances involving their children or emergencies, and from going near Kleinschmidt's residence or place of employment. The district court issued the HRO on March 5, 2021, to be in effect for two years.

On March 3, 2023—two days before the HRO was set to expire—Kleinschmidt filed a motion asking the district court to find Farkash in contempt of court for violating the HRO. Kleinschmidt alleged that Farkash violated the HRO "by repeatedly sending emails and text messages to [Kleinschmidt]." In support of his motion, Kleinschmidt submitted an affidavit and accompanying exhibits that contained numerous text messages and emails that Farkash sent him between March 2021 through February 2023, while the HRO was in effect. Kleinschmidt also submitted copies of police reports detailing instances when he reported violations of the HRO by Farkash to law enforcement.

2

On March 8, 2023, the district court filed an order to show cause why it should not find Farkash in contempt of the HRO. Farkash submitted a responsive motion seeking dismissal of the contempt motion and an award of her attorney fees. She argued that the district court could not find her in civil contempt of the HRO because the purpose of civil contempt is to bring a party into compliance with an order and, since the HRO expired on March 5, 2023, there was no longer an order with which to bring her into compliance.

Following a hearing, the district court issued an order finding Farkash in contempt of court for violating the HRO. The district court noted that Farkash did not deny the allegations in Kleinschmidt's motion and affidavit. The district court determined that it was appropriate to find Farkash in contempt of the HRO despite the fact that it had expired because the purpose of civil contempt is not solely remedial and a finding of contempt is relevant to the filing of a new HRO, which Kleinschmidt indicated he would be pursuing. In addition to finding Farkash in contempt, the district court ordered Farkash to pay Kleinschmidt a fine of $250 pursuant to Minn. Stat. § 588.10, and awarded attorney fees to Kleinschmidt pursuant to Minn. Stat. § 588.11 (2022).

## DECISION

We review a district court's decision to invoke its contempt powers for an abuse of discretion. *Sehlstrom v. Sehlstrom*, 925 N.W.2d 233, 239 (Minn. 2019). Appellate courts "review an order for an abuse of discretion by determining whether the district court made findings unsupported by the evidence or by improperly applying the law." *Id.* (quotation omitted).

Farkash argues on appeal that the district court erred in finding her in civil contempt and awarding attorney fees to Kleinschmidt because the HRO expired during the pendency of Kleinschmidt's motion and the district court could not find her in civil contempt without an underlying order in effect. She also argues that the district court erred in ordering her to pay Kleinschmidt a $250 fine, pursuant to Minn. Stat. § 588.10, because such fines are available only in criminal-contempt proceedings. We address both arguments in turn.

## I. The district court did not err in finding Farkash in civil contempt and awarding attorney fees to Kleinschmidt.

Minnesota law recognizes both civil contempt and criminal contempt. *See State v. Tatum*, 556 N.W.2d 541, 544 (Minn. 1996). Criminal-contempt orders are meant to be punitive, "vindicating the court's authority by punishing the contemnor for past behavior." *Id.* If a person is alleged to be in constructive criminal contempt, the matter should be prosecuted by attorneys representing the state.[1] *Peterson v. Peterson*, 153 N.W.2d 825, 830 (Minn. 1967). In contrast, civil-contempt orders are intended to be remedial, generally "by imposing a sanction that will be removed upon compliance with a court order that has been defied." *Tatum*, 556 N.W.2d at 544. As such, "[c]ivil contempt proceedings are designed to induce future performance of a valid court order, not to punish for past failure to perform." *Mahady v. Mahady*, 448 N.W.2d 888, 890 (Minn. App. 1989).

Farkash argues that the district court erred in finding her in civil contempt because the HRO expired before the district court issued its contempt order. Farkash cites to

---

[1] Constructive contempt involves a violation of a court order that occurs outside the presence of the court. Minn. Stat. § 588.01, subd. 3 (2022).

*Richardson v. Richardson*, as support for her assertion. 15 N.W.2d 127 (Minn. 1944). But *Richardson* is factually distinguishable. There, the party seeking relief did not file the contempt motion until after the underlying temporary order had expired. *Id.* at 128. The supreme court explained: "It is our opinion that *when the contempt proceedings were brought* the order for temporary alimony had become merged in the judgment and decree of divorce, that it was no longer effective or enforceable, and therefore that contempt proceedings could not be based thereon." *Id.* (emphasis added). Here, the underlying HRO was still effective and enforceable at the time Kleinschmidt initiated the contempt proceedings. And all of the conduct that the contempt finding was based upon occurred prior to the expiration of the HRO.

Accordingly, *Richardson* does not support Farkash's argument that the district court lost the ability to issue a civil-contempt order once the HRO expired in this case. And as the district court noted, the purpose of civil-contempt proceedings is not as narrow as Farkash suggests. In *Minnesota State Bar Association v. Divorce Assistance Association*, the supreme court explained that a civil-contempt sanction "is inflicted primarily as inducement for future compliance with the order *and* in vindication of the opposing party's rights." 248 N.W.2d 733, 741 (Minn. 1976) (emphasis added); *see also Tatum*, 556 N.W.2d at 544 (noting that a civil-contempt sanction vindicates "the rights of a party").

Here, the district court's civil-contempt order is consistent with the purpose of vindicating the rights of Kleinschmidt. As the district court noted, it is undisputed that Farkash did in fact violate the HRO while it was in effect, and a finding that Farkash violated the order could impact the relief available to Kleinschmidt in future HROs. *See*

5

Minn. Stat. § 609.748, subd. 5(b) (2022) (permitting the district court to order an HRO to remain in effect for up to 50 years if the party against whom the HRO is sought previously violated an HRO on two or more occasions). The fact that the contempt finding could have collateral consequences also dispels any concern that the contempt issue became moot upon the expiration of the HRO. *See Winkowski v. Winkowski*, 989 N.W.2d 302, 308-09 (Minn. 2023) (discussing the collateral-consequences exception to the mootness doctrine).

Additionally, we note that the award of attorney fees is consistent with the purpose of vindicating Kleinschmidt's rights. As will be explained in the next section, we agree that the district court misapplied the law when it imposed a fine under Minn. Stat. § 588.10 because that section is applicable only in criminal proceedings and this case was brought as a civil proceeding. But the award of attorney fees was made pursuant to Minn. Stat. § 588.11, not Minn. Stat. § 588.10. Section 588.11 authorizes the court to award compensation for the loss and injury caused by a contemnor's violation of a court order:

> If any actual loss or injury to a party in an action or special proceeding, prejudicial to the person's right therein, is caused by such contempt, the court or officer, . . . may order the person guilty of the contempt to pay the party aggrieved a sum of money sufficient to indemnify the party and satisfy the party's costs and expenses, including a reasonable attorney's fee . . . .

Minn. Stat. § 588.11. The relief ordered under section 588.11 is to be distinguished from civil and criminal contempt conditions where the purpose is either to bring the contemnor into compliance with the district court's order or to punish the contemnor for violating the order. Awards under section 588.11 are simply to make whole the party seeking to enforce a court order.

6

This court, for example, has upheld an award of attorney fees under Minn. Stat. § 588.11 even when reversing other contempt sanctions. *See Nelson v. Nelson*, 408 N.W.2d 618, 621-22 (Minn. App. 1987). In *Nelson*, this court vacated the portion of a civil-contempt order requiring a contemnor to serve time in jail after determining that it was an improper criminal-contempt sanction. *Id.* at 622. But we affirmed the award of attorney fees to the other party under Minn. Stat. § 588.11 and explained that the party "incurred those fees in an attempt to secure [the party's] rights under the protection orders" and "[t]he fact that the [jail] sanction imposed makes this proceeding one for criminal contempt is no reason to deny [the party] the right to be indemnified for those fees." *Id.*; *see also River Towers Ass'n v. McCarthy*, 482 N.W.2d 800, 806 (Minn. App. 1992) ("While we do reverse the contempt finding, there is no reason to disallow the award of fees [under Minn. Stat. § 588.11] to [the party who sought the contempt finding] for prosecuting the contempt proceeding."), *rev. denied* (Minn. May 21, 1992).

Here, Kleinschmidt incurred attorney fees while attempting to secure his rights under the HRO, which was still in effect at the time he filed his motion. And like the contemnors in *Nelson* and *McCarthy*, Farkash does not contest that she violated the order. Under these facts, Kleinschmidt is entitled to be indemnified under Minn. Stat. § 588.11 for the fees incurred in his attempt to secure his rights under the HRO. We therefore affirm the award of attorney fees to Kleinschmidt.

## II. The district court erred in imposing a fine under Minn. Stat. § 588.10.

Farkash next argues that the district court erred in ordering her to pay Kleinschmidt $250 pursuant to Minn. Stat. § 588.10. She argues that fines may be imposed pursuant to

Minn. Stat. § 588.10 only as a sanction for criminal contempt, and it was therefore improper for the district court to impose such a fine in this civil-contempt proceeding. We agree.

Under Minn. Stat. § 588.10, "if [a] person is adjudged guilty of the contempt charged, the person shall be punished by a fine of not more than $250, or by imprisonment . . . for not more than six months, or by both." In *State v. Iron Waffle Coffee Co.*, this court considered whether the $250 limit in Minn. Stat. § 588.10 applied to fines imposed in civil-contempt proceedings. 990 N.W.2d 513, 519 (Minn. App. 2023). In doing so, we held "that Minnesota Statutes section 588.10, which authorizes the district court to impose a fine for a person adjudged guilty of contempt, is limited to the criminal contempt context and does not apply to civil contempt sanctions." *Id.* at 520. We nevertheless affirmed the fine at issue because it was ordered under the district court's inherent authority to impose contempt sanctions, not pursuant to Minn. Stat. § 588.10. *Id.* at 520-22.

Here, Farkash was found in civil contempt of court for violating the HRO. Accordingly, Minn. Stat. § 588.10 is inapplicable. And although the district court's civil-contempt powers generally include the authority to impose a fine, the district court's order explicitly states that it was imposing a fine pursuant to Minn. Stat. § 588.10. We therefore agree that the district court misapplied the law when it ordered Farkash to pay Kleinschmidt $250 pursuant to Minn. Stat. § 588.10, and we reverse the imposition of the $250 fine.

**Affirmed in part and reversed in part.**

8