BLANCHE DAVIS v. HARRY R. DAVIS.

158 N. W. (2d) 196.

March 29, 1968—No. 40,400.

*Friedman & Friedman* and *Newton S. Friedman*, for appellant.

---

*Douglas M. Head,* Attorney General, *John C. Arko,* County Attorney, and *Donald J. Paquette,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal by Harry R. Davis from an order of the district court finding him in contempt by reason of his failure to pay alimony and support money and directing his confinement conditionally.

We have examined the contentions of the defendant in light of our recent decision in Hopp v. Hopp, 279 Minn. 170, 156 N. W. (2d) 212, and have concluded that the order finding him in contempt should be affirmed and that the order directing his confinement (if supplemented by a provision granting defendant freedom upon compliance either before or after his immurement begins) is within the power of the district court in the proper exercise of its civil contempt authority.

Because defendant appeared generally and testified in the contempt proceedings, we are now concerned principally with those aspects of the proceedings treated in paragraphs 2(f), 2(g), and 2(h) of our opinion in the Hopp case (279 Minn. 175, 156 N. W. [2d] 217) where we noted that the limitations upon civil contempt powers include:

"(f) That the court after such a hearing should determine *formally* * * * whether there was a failure to comply with the order and, if so, whether conditional confinement is reasonably likely to produce compliance fully or in part. * * *

"(g) That confinement should not be directed to compel a party to do something which he is wholly unable to do. But the burden of proving inability should be on the defendant, who should not be held to have sustained it when he has failed to make a good-faith effort to conform. * * *

"(h) That when confinement is directed, the party confined should be able to effect his release by compliance or, in some cases, by his agreement to comply as directed to the best of his ability."

Formal and detailed findings were made by the trial judge on the

basis of testimony taken on February 3 and March 31, 1966. From these findings it appears that a divorce decree was entered July 24, 1964, which directs defendant to pay to Blanche Davis, his former wife, $40 per month as alimony and $120 per month for the support of three minor children of the parties for a total of $160 per month. The trial court found that as of February 3, 1966, defendant was in arrears on account of these payments in the amount of $1,398. His reported income for 1963 was approximately $3,600; for 1964, approximately $4,800. His earnings in 1965 came to approximately $3,600. The sole source of income for the defendant is a repair shop in Duluth called "Mr. Fix-it Service Center." Although defendant claimed that this business was owned by his brother, Arthur, the trial court found that defendant was the real owner and that during the period from February 1963 to February 1966 the assets of this business increased by approximately $7,000. The trial court also found that defendant was obligated to pay $60 per month as support for four children of a prior marriage but that he had not done so.

Upon these findings of fact the trial court determined (1) that defendant willfully violated the alimony and support provisions of the July 24, 1964, divorce decree, and (2) that defendant was able to pay the arrearages existing on account of his failure to conform with the requirements of that order. The decision concludes as follows:

"It is ADJUDGED:

"That defendant is guilty of constructive contempt of court for failure to make alimony and support payments as ordered by the Court.

"Therefore, it is the *Sentence* of the Court:

"That defendant serve three months in the St. Louis County Work Farm.

"Execution of sentence is stayed to 9:30 a. m., May 16, 1966, in order to give defendant the opportunity to purge himself of the contempt by paying the sum of $1,398.00, plus any accrued payments from February 3, 1966, to date of payment, to the St. Louis County Probation Office in Duluth.

"It is further ORDERED:

"1. In the event defendant makes payment as provided in the preceding paragraph, defendant shall be relieved of his contempt.

"2. In the event defendant fails to make such payment, * * * the Clerk of Court is hereby directed to issue a commitment of defendant to the St. Louis County Work Farm for three months and deliver same to the Sheriff of St. Louis County for execution."

The decision was filed on April 11, 1966. Defendant then moved that the order of the district court be amended to eliminate the directions for confinement of the defendant and to provide instead for the appointment of a receiver of the assets of his business. This motion was denied by the trial judge, who states in his memorandum:

"* * * The assets [of Mr. Fix-it], in fact, represent net income converted to inventory.

* * * * *

"* * * [D]efendant is in the best position to determine what assets may be restored to their original status of net income in order to meet his alimony and support obligations * * *. In this respect he needs no assistance, but only an abiding conviction that he must comply with the Court's Order by May 16, 1966. He has present capacity to conform."

In his brief, defendant contends that certain findings of fact made by the trial court are not sustained by the evidence. The significant finding, in our opinion, is that which relates to the ownership of the business operated by defendant. The evidence in support of the proposition that Harry R. Davis is the owner of "Mr. Fix-it" and of the inventory and equipment used in that business is overwhelming. This being the case, the trial judge was justified in determining that defendant's failure to pay was contumacious.

Because of comments made at the time of oral argument, we call attention to one phase of the order of the court which may cause difficulty in the future. A person confined in civil contempt proceedings must be able to effect his release by compliance with the order of the court directing the acts to be performed by the defendant as an alternative to confinement. If at any time prior to the expiration of his sentence, the defendant makes application to the district court for his release and establishes that the arrearages have been paid, he must be discharged. As stated in Hopp

v. Hopp, *supra,* the only object of the exercise of civil contempt powers in divorce cases is to secure compliance with an order presumed to be reasonable. Punishment for past misconduct is not involved; that is a field reserved to criminal proceedings.

Affirmed and remanded.