In Re the MARRIAGE OF Stacy L. NELSON, Petitioner, Respondent,

and

Keith B. Nelson, Appellant.

No. C0-87-166.

Court of Appeals of Minnesota.

June 23, 1987.

Nancy L. Ponto, St. Paul, for respondent.

John A. Warchol, Warchol, Berndt & Hajek, Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from an order (1) finding appellant in constructive civil contempt of court and sentencing him to jail, and (2) awarding respondent attorney's fees for prosecuting the contempt. We vacate the portion of the order sentencing appellant to jail and affirm the award of attorney's fees.

## FACTS

On July 22, 1986, respondent Stacy Nelson obtained an ex parte temporary order for protection against appellant Keith Nelson. On September 8, 1986, Stacy obtained a temporary restraining order prohibiting the parties from bothering each other.

On October 1, 1986, Stacy moved by order to show cause (1) to have Keith found in contempt of court for violating the July 22 temporary order for protection and the September 8 temporary restraining order, and (2) for costs and attorney's fees for the motion. Keith moved for sanctions against Stacy's attorney for allegedly serving a subpoena on the telephone company in violation of Minn.R.Civ.P. 45.01(2).

A consolidated hearing was held October 27, 1986, before a family court referee, who issued an order for protection against Keith, which was approved by the district court.

On November 11, 1986, the referee issued an order for temporary relief, order in contempt, and order for confinement. He found that Keith had violated the protective orders by, among other things, calling Stacy at home and work, following her, and taking her possessions from the homestead. For purposes of this appeal, Keith does not contest the finding that he violated the orders.

Keith was found to be in constructive civil contempt of court and sentenced to 90 days in jail, with 80 days stayed conditioned on his future compliance with the order for protection. (Constructive, as opposed to direct, contempts are not committed in the immediate presence of the court. Minn.Stat. § 588.01, subd. 3 (1986).) Keith was also ordered to pay Stacy's attorneys fees of $1,600 incurred in enforcing the protection orders. The order did not mention Keith's motion for sanctions under Rule 45.01(2).

The referee's order was affirmed by the district court on November 19, 1986.

## ISSUES

1. Did the trial court err by exercising its criminal contempt powers against appellant without meeting the requirements of a criminal contempt proceeding?

2. Did the trial court err in its award of attorney's fees to respondent and in not sanctioning her attorney for violating Rule 45.01(2)?

3. Is respondent entitled to attorney's fees for this appeal?

## ANALYSIS

### I.

■ A contempt order that does not allow the contemnor to purge himself of his contempt is appealable. *Time-Share Systems, Inc. v. Schmidt,* 397 N.W.2d 438, 440 (Minn.Ct.App.1986). An appellate court may reverse or modify a contempt order only if there was an abuse of discretion by the trial court. *Id.* at 441.

■ Keith argues that since the trial court sentenced him to a fixed jail term for past violations of court orders, the proceeding was actually one for criminal contempt. In constructive criminal contempt proceedings, the person charged with contempt is entitled to a trial by jury and prosecution by a State attorney. *Peterson v. Peterson,* 278 Minn. 275, 281, 153 N.W.2d 825, 830 (1967).

■ Whether a contempt proceeding is civil or criminal depends upon the purpose behind the court's exercise of its contempt power. *See, e.g., Knajdek v. West,* 278 Minn. 282, 285, 153 N.W.2d 846, 848 (1967); *Red River Potato Growers' Association v. Bernardy,* 128 Minn. 153, 156, 150 N.W. 383, 384 (1915). The purpose of criminal contempt is to vindicate the authority of the court and punish the contemnor for past behavior, usually through a fixed, unconditional sentence. *Minnesota State Bar Association v. Divorce Assistance Association,* 311 Minn. 276, 285, 248 N.W.2d 733, 741 (1976); *In re A.W.,* 399 N.W.2d 223, 225 (Minn.Ct.App.1987). The purpose of civil contempt is to vindicate the rights of an opposing party by coercing compliance with an order through imposition of a sanction of indefinite duration, to be lifted upon compliance. *See, e.g., Minnesota State Bar Association,* 311 Minn. at 285, 248 N.W.2d at 741; *In re A.W.,* 399 N.W.2d at 225.

In *Hopp v. Hopp,* 279 Minn. 170, 156 N.W.2d 212 (1968), the supreme court specifically delineated the requirements of a proper exercise of civil contempt powers. One requirement is

[t]hat when confinement is directed, the party confined should be able to effect his release by compliance or, in some cases, by his agreement to comply as directed to the best of his ability.

279 Minn. at 175, 156 N.W.2d at 217; *see also, e.g., Davis v. Davis,* 280 Minn. 44, 47, 158 N.W.2d 196, 198 (1968). This is because the "civil contempt power, by definition, cannot be used to punish a person for past misconduct * * *." *Hopp,* 279 Minn. at 175, 156 N.W.2d at 217. Since the purpose behind civil contempt is to coerce compliance rather than to punish, the contemnor must have "the keys to his jail cell." *Minnesota State Bar Association,* 311 Minn. at 285, 248 N.W.2d at 741.

■ Here, Keith received a fixed sentence of ten days in jail and he cannot obtain his release by compliance. The November 11 order was therefore an exercise of the court's criminal contempt powers.

■ Stacy argues this was a civil contempt proceeding because the order stayed execution of an additional eighty days conditioned on Keith's complying with the order for protection, and therefore its purpose was to secure future compliance. This argument ignores the ten days that were not conditioned on compliance. Even if the entire sentence were conditionally stayed, this would still be criminal contempt: if Keith were to violate the order, the remaining sentence would execute and he would not be able to effect his release by compliance.

■ The trial court found that Keith had waived any right to a jury trial because he did not raise the issue until after Stacy had rested her case. A criminal defendant can only waive a jury trial "personally in writing or orally upon the record in open court." Minn.R.Crim.P. 26.01, subd. 1(2); *see also, e.g., State v. Neuman,* 392 N.W.2d 706 (Minn.Ct.App.1986). Since this requirement was not satisfied, there can be no finding of waiver here.

■ Stacy argues the procedural requirements of criminal proceedings make

them an unsatisfactory way of enforcing protective orders. It may be that the legislature can abrogate the requirements of jury trials and State prosecution in criminal contempt proceedings for violations of protective orders, because those requirements appear not to be based on the state or federal constitution. *See Peterson*, 278 Minn. at 281, 153 N.W.2d at 830 (requiring jury trial and State prosecution on nonconstitutional grounds); *Dyke v. Taylor Implement Manufacturing Co.*, 391 U.S. 216, 219–20, 88 S.Ct. 1472, 1474–75, 20 L.Ed.2d 538 (1968) (alleged criminal contemnors not entitled to jury trials under federal constitution where maximum penalty is within "petty offense" limit).

Those requirements currently exist, however, and they cannot be ignored. We therefore vacate the portion of the November 11 order sentencing Keith to 90 days in jail. Keith also requests that we vacate the portion of the order finding him in constructive civil contempt, but since he does not contest the factual findings regarding his violations, there is no basis for doing so.

## II.

Minn.Stat. § 588.11 (1986) provides:

If any actual loss or injury to a party in an action or special proceeding, prejudicial to the person's right therein, is caused by such contempt, the court * * * may order the person guilty of the contempt to pay the party aggrieved * * * a reasonable attorney's fee incurred in the prosecution of such contempt * * *.

■ The trial court awarded Stacy the full $1,600 in attorney's fees she requested for this motion. A trial court's award of attorney's fees will not be reversed absent a clear abuse of discretion. *E.g., Farrar v. Farrar*, 383 N.W.2d 436, 441 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn.1986).

Keith makes four arguments against this award:

■ 1. Keith argues that since this was a criminal contempt proceeding which Stacy's attorney had no authority to prosecute, there can be no award of fees. We

disagree. Stacy incurred those fees in an attempt to secure her rights under the protection orders, which Keith concedes he violated. The fact that the sanction imposed makes this proceeding one for criminal contempt is no reason to deny Stacy the right to be indemnified for those fees. *Cf. Westgor v. Grimm*, 381 N.W.2d 877, 880 n. 2 (Minn.Ct.App.1986) (affirming award of fees under § 588.11 despite reversal of contempt judgment on ground alleged contemnor did not attend hearing).

■ 2. Keith argues that the fees are so excessive as to constitute a penalty. The amount of the award was within the trial court's discretion.

■ 3. Approximately half the fees were itemized on a supplemental attorney's affidavit which was not timely served under Minn.R.Civ.P. 6.04. Keith's attorney did not receive the affidavit before the hearing because it was served by mail to his old office. He states that if he had known the actual size of the request he would have cross-examined Stacy's counsel about the fees.

Failure to comply with the time limits of rule 6.04 is not jurisdictional, but the rule may be enforced if prejudice is shown. *Sudheimer v. Sudheimer*, 372 N.W.2d 792, 794 (Minn.Ct.App.1985). Keith has failed to show prejudice. He has not challenged any of the specific items on the affidavit or given any reason why cross-examination on it would have affected the court's decision that the time spent on this matter was reasonable. Also, Keith had notice that Stacy was seeking attorney's fees for this proceeding, and he either knew or should have known that Stacy continued to incur attorney's fees after her attorney submitted the first affidavit. The additional fees resulted largely from Keith's continued violation of the orders.

■ 4. Finally, Keith argues that the award of attorney's fees should be reduced as a sanction for Stacy's attorney's violation of Minn.R.Civ.P. 45.01(2), which states:

Subpoenas shall be issued only in connection with a duly noted deposition as set forth in Rule 45.04 or in connection

with a hearing or trial as set forth in Rule 45.05. Violation of this provision constitutes an abuse of process, and shall subject the attorney or party to appropriate sanctions or damages.

The advisory committee note says that using a subpoena for ex parte discovery is improper.

Keith argues Stacy's attorney violated the rule by serving, without his knowledge, a subpoena on the telephone company to obtain telephone records, because the subpoena did not require the company to attend the hearing.

Stacy's attorney served Keith copies of the subpoenaed telephone records several weeks before the hearing. There was no ex parte discovery, and no prejudice to Keith. Even if Stacy's attorney violated the rule, therefore, sanctions would be inappropriate.

## DECISION

The portion of the November 11 order sentencing Keith to 90 days in jail, with 80 days conditionally stayed, is vacated. The rest of the order is affirmed. Stacy is awarded $1600 for attorney's fees and costs for this appeal pursuant to Minn. Stat. § 588.11.

Affirmed in part, reversed in part.