**Vernes E. WALZ, Respondent,**

v.

**Jerry E. WALZ, Appellant.**

**No. C6-86-1943.**

Court of Appeals of Minnesota.

July 14, 1987.

Vernes E. Walz, pro se.

Steven A. Nelson, Nelson & Larson, Ltd., International Falls, for appellant.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

LANSING, Judge.

Jerry Walz appeals an order denying his release from custody for failure to pay child support arrearages. After the denial of release, Walz served his 90–day sentence for contempt. Although the issue of whether contempt procedures were properly applied is arguably moot, we decline to dismiss the appeal because the issue is capable of repetition and could evade review. *See Elzie v. Commissioner of Public Safety*, 298 N.W.2d 29, 32 (Minn.1980) (citing *Klaus v. Minnesota State Ethics Commission*, 309 Minn. 430, 434, 244 N.W.2d 672, 675 (1976)).

## FACTS

On November 6, 1985, Jerry Walz was found in constructive contempt of a court order to pay child support and sentenced to 90 days in jail. Prior to this order, Jerry Walz had been served with at least two orders to show cause and had been found in contempt for previous failures to comply with the child support obligation established in the March 1985 decree which dissolved his marriage to Vernes Walz.

The November 1985 order was issued after a hearing at which Jerry Walz was

we decide the case on other grounds, we do not address it here.

not present. Although the court file contains various notices and orders on previous hearings, it does not contain a notice or affidavit of service on Jerry Walz for the October hearing.[1] Although there is no transcript of the hearing, the order states that Walz failed to pay part of his October 1985 child support obligation, that there was no good-faith reason for his failure to pay, and that he was required to serve 90 days in jail unless he paid all arrearages, including the November 1985 amount due. The order also included a prospective provision:

> IT IS FURTHER ORDERED that should the Respondent in any further payments, be in arrears in excess of one week, the Petitioner shall file an affidavit to that effect with the Court and the Respondent shall be held in contempt of court and upon arrest therefore shall serve a jail sentence of 90 days for each contempt.

It is unclear what happened as a result of that order, but Jerry Walz did not serve the 90–day sentence.

In March, June and July 1986 Vernes Walz wrote letters to the trial court judge saying Jerry Walz had again failed to pay the required child support and requesting he be held in contempt. Apparently based on this request, the court issued a bench warrant for his arrest for "failure to pay child support payments on time as ordered by the court." The court committed Walz to serve 90 days on August 13, 1986, permitting work release. Walz was not represented by an attorney, and there is no order which states the basis for the contempt or the actions Walz could take to absolve his contempt.

In September, while serving his sentence, Walz obtained an attorney who moved for his release from jail. The motion was denied and Walz appealed.

### ISSUE

Did the trial court comply with the required procedures before sentencing appellant for civil constructive contempt?

### ANALYSIS

In a case which arose from a failure to make support payments required under a divorce decree, the Minnesota Supreme Court expressly stated the requirements for a proper exercise of civil contempt powers: (1) subject matter jurisdiction, (2) a clear definition of the acts to be performed, (3) notice of the acts to be performed and time to comply, (4) application by the party seeking to enforce the acts, giving specific grounds for complaint, (5) a hearing after due notice at which nonperforming parties can show compliance or reason for failure, (6) formal determination by the court of a failure to comply and a determination of whether conditional confinement will aid compliance, (7) an opportunity for the nonperforming party to show inability to perform a good-faith effort, and (8) an ability to gain release through compliance or a good-faith effort to comply. *Hopp v. Hopp*, 279 Minn. 170, 174–75, 156 N.W.2d 212, 216–17 (1968).

Since *Hopp* was decided, the court has amplified procedural protection in constructive civil contempt proceedings by holding that a nonperforming party has a right to legal counsel at a point in the proceeding that "incarceration is a real possibility." *Cox v. Slama*, 355 N.W.2d 401, 403 (Minn. 1984).

In the two years following the marital dissolution, Jerry Walz accumulated a substantial court file documenting his failure to pay child support. In *Hopp* the court recognized the importance of speedy, efficient and flexible methods to compel performance of orders. Nonetheless, the court recognized that judicial civil contempt powers must be conditioned on adherence to the procedural requirements. Those requirements were not observed before Jerry Walz was incarcerated for 90 days. Although Walz had notice of the general provisions of the decree, he did not have notice of the specific amounts of the arrearages. He did not have an attorney or a hearing

---

**1.** Respondent Vernes Walz did not file a brief, and we rely on appellant's brief and the court file to reconstruct the complex procedural history.

on his noncompliance. There was no formal determination of the contempt and no determination of the amount to be paid to effect his release. The purpose of conditional confinement is to produce compliance. The civil contempt power, by definition, cannot be used to punish a person for past misconduct. *Hopp*, 279 Minn. at 175, 156 N.W.2d at 217.

Jerry Walz served the full 90 days. Our recognition that the contempt power was exercised without observing the required procedures can no longer affect the issue of Walz's release. However, the provision in the November 6, 1985, order that gave rise to the contempt proceeding could cause a recurrence of the issues which are raised here.

An order providing for a mechanical finding of contempt without affording Walz an opportunity to explain his inability to perform or any good-faith efforts to comply does not meet the standard imposed by *Hopp*. Each failure to pay which implicates confinement must be handled in accordance with the *Hopp* guidelines, and the nonperforming individual must be given the right to representation.

### DECISION

Because the November 1985 order does not comply with the *Hopp* requirements, the following provision is vacated:

IT IS FURTHER ORDERED that should the Respondent in any further payments, be in arrears in excess of one week, the Petitioner shall file an affidavit to that effect with the Court and the Respondent shall be held in contempt of court and upon arrest therefore shall serve a jail sentence of 90 days for each contempt.

Order vacated.