**In re the Marriage of Cheryl L. MAHADY, Cheryl L. Plaziak, Petitioner, Respondent,**

v.

**David M. MAHADY, Appellant.**

**No. C3–89–1008.**

Court of Appeals of Minnesota.

Dec. 12, 1989.

Thomas L. Johnson, Hennepin County Atty. and Thomas Aarestad, Asst. County Atty., Minneapolis, for respondent.

William R. Kennedy, Public Defender and Marilyn J. Justman, Asst. Public Defender, Minneapolis, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and NORTON and LOMMEN,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant David M. Mahady was found in contempt of court for his failure to pay child support. Appellant contends the court erred by giving him inadequate opportunity to purge the contempt. He also challenges the sufficiency of the evidence for findings on contempt and the amount of arrearages. We affirm the contempt finding, but reverse and remand for further findings on appellant's ability to purge himself of the contempt and the amount of arrearages.

## FACTS

Appellant's marriage to respondent Cheryl L. Mahady, now Cheryl L. Plaziak, was dissolved in 1978. Custody of the couple's two children, now ages 15 and 17, was placed with respondent and appellant was to pay $250 per month in child support. In 1981, the court reduced the monthly support obligation to $165.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

After three earlier enforcement proceedings, respondent filed a contempt motion in December 1988. She claimed arrearages of $6154 had accrued since January of 1987. The court entered judgment for respondent in the amount of $6154, found appellant in constructive civil contempt, and imposed a 30–day incarceration sentence. The sentence was to begin in 30 days unless appellant paid 50 percent of the arrearages ($3077) within 20 days of the order and the remainder within 90 days of the order. The court also ordered appellant to be arrested "immediately" if he "neither pays the arrearages nor personally appears at the Correctional Facility."

## ISSUES

1. Did the contempt order contain adequate provisions to allow appellant to purge himself of contempt?

2. Does the record contain sufficient evidence to support findings on contempt and arrearages?

## ANALYSIS

1. Adequacy of purge provision.

■ Civil contempt proceedings are designed to induce future performance of a valid court order, not to punish for past failure to perform. Minn.Stat. § 588.12 (1988), *Minnesota State Bar Ass'n v. Divorce Assistance Ass'n, Inc.*, 311 Minn. 276, 285, 248 N.W.2d 733, 741 (1976); *Time–Share Systems, Inc. v. Schmidt*, 397 N.W.2d 438, 441 (Minn.Ct.App.1986). Thus, civil contempt is said to give the contemnor the keys to the jail cell, because compliance with the order allows him to purge himself and end the sanction. Minn. Stat. § 588.12 (when contempt consists of non-performance, a person may be imprisoned until performance occurs); *Minnesota State Bar Ass'n*, 311 Minn. at 285, 248 N.W.2d at 741. A civil contempt order cannot impose a fixed sentence, but must allow the contemnor to obtain release by compliance. Minn.Stat. § 588.12; *Minnesota State Bar Ass'n*, 311 Minn. at 285, 248 N.W.2d at 741; *In Re Marriage of Nelson*, 408 N.W.2d 618, 621 (Minn.Ct.App.1987).

■ Requisite findings on civil contempt are set forth in *Hopp v. Hopp*, 279 Minn. 170, 174–175, 156 N.W.2d 212, 216–217 (1968). The obligor's financial condition is at issue twice. First, the contempt finding depends on a determination that the obligor had the ability to pay the obligations as they came due. *See id.*, 279 Minn. at 175, 156 N.W.2d at 217 (confinement should not be directed if the party is "wholly unable" to perform). Second, the court must set purge conditions and determine whether the contemnor has the ability to meet those conditions. Minn.Stat § 588.12 (imprisonment for contempt dependent upon act being "in the power of the person to perform" at the time imprisonment ordered); *Hopp*, 279 Minn. at 175, 156 N.W.2d at 217 ("when confinement is directed," the contemnor should be "able to effect his release by compliance," or by agreement to comply, "to the best of his ability"); *see also Tell v. Tell*, 383 N.W.2d 678, 684 (Minn.1986) (importance of explicit finding that contemnor is financially able to purge contempt by paying arrearages); *Davis v. Davis*, 280 Minn. 44, 46–48, 158 N.W.2d 196, 198–199 (1968) (same). In addition, the court must determine that conditional confinement is "reasonably likely to produce compliance." *Hopp*, 279 Minn. at 175, 156 N.W.2d at 217. *See also Tatro v. Tatro*, 390 N.W.2d 461, 464 (Minn.Ct.App. 1986).

■ The order here allowed appellant to purge the contempt by paying $6154 within 90 days. However, the court did not find that appellant was able to make those payments. The trial court found that appellant "has had" the earning capacity to meet his child support obligation "as it has come due," but this finding concerns the prior contempt, not appellant's ability to purge the offense. In light of *Hopp* and *Tell*, it was error to set purging conditions on these findings. As a result, the case must be remanded.

■ The *Hopp* court held that "the burden of proving inability" is on the obligor in a civil contempt proceeding. *Hopp*, 279 Minn. at 175, 156 N.W.2d at 217. On remand, appellant has this burden on the

suitability of purge conditions. *See also* Minn.Stat. 518.24 (1988) (failure to obey valid court order to pay spousal maintenance or child support is prima facie evidence of contempt).

■ We note that this contempt order fails to follow contempt law in an additional aspect. The order directs in advance that a warrant for appellant's arrest and confinement "shall be immediately issued" upon a demonstration that purging did not occur.[1] In an initial contempt proceeding, the court may find the obligor in conditional contempt and set conditions to allow the obligor to purge himself of contempt. At a subsequent stage, the obligor is entitled to be heard on questions of performance or excusable non-performance of purging conditions. *See Tell,* 383 N.W.2d at 684; *Westgor v. Grimm,* 381 N.W.2d 877, 880 (Minn.Ct.App.1986). The contemnor's financial condition is in issue at both stages. The court may adjudge the obligor in contempt and order confinement only if, at the second stage, it determines that the obligor failed without excuse to comply with the purge conditions. Although proper process might occur upon any arrest under the order here, the order should be explicitly conditioned on appellant's right for a second stage hearing.

## 2. Sufficiency of the evidence.

■ Appellant also contends that the court heard insufficient evidence to allow it to find him in contempt and to support determining arrearages of $6154. With regard to the finding on arrearages, a 1981 modification of the original decree set appellant's support obligation at $165 per month. Following a 1985 enforcement proceeding, the court issued an order concerning the level of support. The court in the current proceedings found the 1985 order

indicated "an intent to permanently increase the level of child support" to $250 per month. Accordingly, it calculated arrearages for the 27 month period from January 1, 1987 to March 1989 using a figure of $250 per month. In fact, the 1985 order did not amend appellant's child support obligation and does not order appellant to pay $250 per month in future child support. Rather, it provides that contempt for arrearages could be purged at the rate of $250 per month for an undefined term. Therefore, the 1985 order cannot be relied upon to compute current arrearages. On remand, the trial court should determine the correct amount of arrearages on the basis of $165 per month for the relevant period, less any amount appellant may have paid. We note the arrearages so calculated would still be sufficient to support the court's contempt finding.[2]

■ Respondent contends that appellant failed to raise the issue of the amount of arrearages at the evidentiary hearing. However, because appellant did not move for a new trial or for amended findings, his appeal is from the trial court's order. As such, it questions "whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment." *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). This rule prevents appellant from raising evidentiary issues before this court, but it does allow him to challenge whether the record supports findings in the order. The finding on the amount of arrearages is appealable.

■ Appellant also challenges the court's contempt finding. He asserts the court's finding that he "has had" the ability to pay support is clearly erroneous in light of evidence he presented regarding his financial condition. As with a finding

---

1. It is because of this provision of the order that the case is presently reviewed. Generally, conditional contempt orders are not appealable. *See Becker v. Becker,* 300 Minn. 512, 513, 217 N.W.2d 849, 850 (1974); *Rohrman v. Moore,* 423 N.W.2d 717, 721 (Minn.Ct.App.1988). Here, because the purging period expired while the appeal was pending, and the order provided for unconditional jailing if purging failed, a special term panel of this court found it necessary to accept the appeal as from a final order.

2. Evidently, the $6154 figure is excessive by $2295 (27 months times $85, the difference between $165 and $250). This would leave a net of $3859 arrearages. Respondent, anticipating this issue, contends that these arrearages total $4064.

on ability to purge, appellant must establish he is unable to pay. Minn.Stat. § 518.24. This is particularly significant here, given that the alleged contemnor is a self-employed person whose commingling of personal and business expenditures makes determination of his true financial condition difficult, if not impossible. In this case, appellant did not offer sufficient evidence to meet his burden of proof.

In addition, the *Hopp* court held that child support obligors in contempt proceedings "should not be held" to have met their burden of proof when they have failed to make a good faith effort to conform. *Hopp*, 279 Minn. at 175, 156 N.W.2d at 217 (citations omitted). The court's well-supported findings that appellant made numerous frivolous expenditures while failing to pay support justify a conclusion that appellant failed to make a good faith effort to conform. We further note appellant's admission of his ability to pay $75 per month in child support despite his currently worsened financial condition. The court's finding that appellant was in contempt of court for failing to pay child support is supported by the evidence.

Finally, we note appellant's motion to strike the appendix to respondent's brief on the grounds that the material in the appendix is not properly part of the record on appeal. Minn.R.Civ.App.P. 110.01 defines the record on appeal to include "papers filed in the trial court." The appendix contains documents from the court file regarding prior enforcement proceedings. As such, the papers all fall within the plain meaning of Rule 110.01. Appellant contends that this definition of the record puts counsel who were not present at prior proceedings at a disadvantage. The very nature of contempt proceedings demands that both parties and counsel be familiar with all former proceedings in the matter. Respondent's appendix is part of the record on appeal.

## DECISION

The trial court correctly found that appellant was in contempt of court for failing to pay child support as it came due. However, it erroneously determined the amount of arrearages. Also, its confinement order, which was conditioned upon appellant meeting certain purge conditions, requires a specific finding that appellant is able to meet those conditions. The confinement order should be further conditioned on appellant's right for a second stage hearing.

Affirmed in part, reversed and remanded in part.