**In re the Marriage of Lynette Ranae MEYER, Petitioner, Appellant,**

v.

**Scott Anthony MEYER, Respondent.**

**No. CX–92–433.**

Court of Appeals of Minnesota.

Nov. 17, 1992.

Michael J. McCartney, McCartney Law Office, Breckenridge, for petitioner, appellant.

Dennis W. Hagstrom, Fergus Falls, for respondent.

Considered and decided by DAVIES, P.J., and PARKER and SCHUMACHER, JJ.

## OPINION

DAVIES, Judge.

Appellant Lynette Meyer failed to make repairs to property as ordered and was sentenced to an unconditional term of seven days of imprisonment for contempt. We reverse the contempt order.

## FACTS

Appellant's marriage to respondent Scott Meyer was dissolved in 1989. The decree ordered the sale of the parties' trailer home, allowing appellant to live in the home until it was sold. The proceeds from the sale were to be divided equally. Appellant was required to pay for upkeep while she lived in the trailer home and until it was sold.

The husband twice moved for a finding of constructive civil contempt because appellant failed to make repairs. Appellant argued that she was financially unable to pay for the repairs. (She was a recipient of Aid to Families with Dependent Children, food stamps, and medical assistance; she was also unemployed and a full-time student.)

In February of 1992, the trial court, having twice amended the decree of dissolution in an effort to get the trailer repaired, issued an order finding appellant in constructive civil contempt and sentenced her to 14 days in jail for her ongoing contempt. Appellant moved for partial relief because she had temporarily repaired the roof and had made plans for a more permanent type of repair in the spring. She also argued that she was unable to endure imprisonment because of her responsibility for the three minor children.

The trial court issued an amended order. The court found that appellant had repaired the roof, but had failed to repair the insulation. The court granted appellant's motion to be relieved from imprisonment as to the repair of the roof. The court found her in contempt, however, for ongoing contempt and for disobeying at least three previous orders with regard to the insulation, sentencing her to seven days in jail.

Appellant filed a motion for leave from the order, claiming she had installed new insulation. The trial court denied the motion, but stayed imprisonment until this court decides this appeal.

Appellant has since filed for bankruptcy and has surrendered her entire interest in the mobile home.

## ISSUE

Did the contempt order contain adequate provisions to allow appellant to purge herself of contempt?

## ANALYSIS

### I.

A trial court's findings are clearly erroneous if they are "induced by an erroneous view of the law." *Engelby v. Engelby*, 479 N.W.2d 424, 426 (Minn.App.1992) (quoting *Ortendahl v. Bergmann*, 343 N.W.2d 309, 311 (Minn.App.1989)).

■ Civil contempt proceedings are designed to induce future performance of a

valid court order, not to punish for past failure to perform. *Minnesota State Bar Ass'n v. Divorce Assistance Ass'n,* 311 Minn. 276, 285, 248 N.W.2d 733, 741 (1976). Where the court's purpose is to punish the contemnor for past behavior, it may inflict a *criminal* contempt order imposing a fixed, unconditional sanction. *Id.* at 285, 248 N.W.2d at 741.

In *civil* contempt, the function of the court is to make meaningful the rights of one party as against another. *Hopp v. Hopp,* 279 Minn. 170, 174, 156 N.W.2d 212, 216 (1968). The court "must be free to compel performance by methods which are speedy, efficient, and sufficiently flexible." *Id.* at 174, 156 N.W.2d at 216. Nevertheless, proper exercise of a court's civil contempt power is subject to certain procedural limitations enumerated in *Hopp.* The requirements for a valid civil contempt order include:

> (5) a hearing, after due notice, at which nonperforming parties can show compliance or reason for failure; (6) formal determination by the court of a failure to comply and a determination of whether conditional confinement will aid compliance; (7) an opportunity for the nonperforming party to show inability to perform a good-faith effort; and (8) an ability to gain release through compliance or a good-faith effort to comply.

*Walz v. Walz,* 409 N.W.2d 39, 40 (Minn. App.1987) (citing *Hopp,* 279 Minn. at 174–75, 156 N.W.2d at 216–17).

According to this court, "a civil contempt order cannot impose a fixed sentence, but must allow the contemnor to obtain release by compliance." *Mahady v. Mahady,* 448 N.W.2d 888, 890 (Minn.App.1989); *see also* Minn.Stat. § 588.12 (1990). In *Mahady* we further noted that civil contempt provides contemnors "the keys to the jail cell because compliance with the order allows [them] to purge [themselves] and end the sanction." *Id.* (citing *Minnesota State Bar Ass'n,* 311 Minn. at 285, 248 N.W.2d at 741 (1976); *In re Marriage of Nelson,* 408 N.W.2d 618, 621 (Minn.App.1987)).

The amended contempt order here imposed a flat seven-day sentence and did not specify that appellant could purge herself by complying with the order. In its present form, the contempt order appears to be one for criminal, rather than civil, contempt. If the trial court wanted to punish appellant for her past behavior, then criminal contempt proceedings should have been brought, following all procedural safeguards. *See In re Welfare of A.W.,* 399 N.W.2d 223, 225 (Minn.App.1987). Because those safeguards were not followed, we cannot treat this order as one for criminal contempt.

The fixed jail term does not afford appellant an opportunity to purge herself. We reverse because the trial court improperly exercised its power of contempt.

## II.

Appellant also argues that she cannot be imprisoned for contempt based on her failure to make property repairs, relying on Minn. Const. art. I, § 12, which states, "[n]o person shall be imprisoned for debt." Appellant also argues that the remedy of contempt is rendered moot because she has abandoned her entire interest in the trailer home to a trustee in bankruptcy.

Because we have found that the contempt order is invalid for other reasons, we do not reach these issues.

## DECISION

The trial court erred in finding appellant in civil contempt of court because the court's order did not permit appellant to purge the contempt. The procedural requirements for criminal contempt were not observed. The order is reversed.

Reversed.