Ronald E. BYERS, Relator,

v.

COMMISSIONER OF REVENUE,
Respondent.

No. A06–2450.

Supreme Court of Minnesota.

July 5, 2007.

Rehearing Denied July 31, 2007.

Ronald E. Byers, Wayzata, MN, Pro Se.

Lori Swanson, Attorney General, Patrick Shrake, Assistant Attorney General, St. Paul, MN, for Respondent.

## OPINION

MEYER, Justice.

Relator Ronald E. Byers appeals from the ruling of the Minnesota Tax Court that he is subject to tax liability for income received in 2000 and 2001. Byers argues that the tax court's decision was not supported by the evidence and that the tax court erred procedurally when it denied his motion to remove the presiding judge and denied his motion to have the chief judge reconsider his removal motion. We affirm.

Byers did not file tax returns for the tax years 2000 and 2001. Respondent Commissioner of Revenue notified Byers that, based on the amount of income reflected in the Form–1099 MISC's (1099s) that he had received from Edina Couriers, he owed $17,058.65 in taxes, penalties, and interest for tax years 2000 and 2001. Byers appealed the commissioner's order to the Minnesota Tax Court, claiming that the order was "capricious and whimsical."

At trial Byers refused to testify. Instead, Byers called one witness: Thomas Bartsh, vice president of logistics for Edina Couriers. Bartsh testified that Byers was an independent contractor who made deliveries for Edina Couriers in 2000 and 2001, that Edina Couriers paid Byers during those years, and that the gross amount he was paid is reflected in Byers' 1099s for 2000 and 2001. Byers elicited testimony from Bartsh that the amounts shown on the 1099s did not match the amounts shown in a notice of deficiency from the Internal Revenue Service (IRS). Bartsh explained that the amount that Byers actually received was less than the amount shown in the 1099s "because lease payments were deducted from his pay and paid directly to [an affiliate of Edina Couriers so that Byers could lease a delivery vehicle]." A number of exhibits were introduced at trial, including Byers' notice of deficiency from the IRS, Byers' 1099s from Edina Couriers for 2000 and 2001, an Edina Couriers accounts payable summary from 2001 showing the payments made to Byers, and a number of individual settlement/activity reports from Edina Couriers showing the amounts of individual payments made to Byers in 2000 and 2001.

The tax court issued findings of fact, conclusions of law, and an order for judgment affirming in part and reversing in part the commissioner's May 12, 2003, order. In particular, the court ruled that Byers "failed to carry his burden of substantial proof and show that he did not receive income as an independent contractor from Edina Couriers for the Tax Years." However, the court ordered the commissioner to recalculate Byers' income tax and corresponding interest and penalties for 2000 and 2001 based on the income determined in the IRS notice of deficiency rather than his 1099s because the notice of deficiency took into account the lease payments that were deducted from Byers' pay so that Byers could lease a delivery vehicle.

Thereafter, Byers filed a "motion for rehearing; for amended findings of fact, for amended conclusions of law and for new trial." The tax court denied the motion, concluding that Byers was merely rearguing the same facts and points of law considered by the court in its earlier deci-

sion.[1] Byers then filed a petition for writ of certiorari, pursuant to Minn.Stat. § 271.10, subd. 1 (2006).

Our review of the final order of a tax court is limited to a determination of whether the tax court lacked jurisdiction, whether the tax court's order is supported by the evidence and is in conformity with the law, or whether the tax court committed any other error of law. Minn.Stat. § 271.10, subd. 1; *Jefferson v. Comm'r of Revenue*, 631 N.W.2d 391, 394 (Minn.2001). To rule that the tax court's decision was not supported by the evidence, we must conclude that the decision was "clearly erroneous because the evidence as a whole does not reasonably support the decision." *Bond v. Comm'r of Revenue*, 691 N.W.2d 831, 835–36 (Minn.2005).

We have reviewed the evidence in the record and conclude that the tax court's decision is supported by the evidence as a whole. Bartsh's testimony, the 1099s, the IRS notice of deficiency, the Edina Couriers accounts payable summary from 2001, and the individual settlement/activity reports from Edina Couriers from 2000 and 2001 all support the tax court's conclusion that Byers actually received the amount of income reflected in the IRS notice of deficiency.

Byers also claims that the tax court made a procedural error when it denied his motion to remove the judge from the case. He claims the judge was biased because of a comment made by the presiding judge while sitting on Byers' wife's case. The Supreme Court has said:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *cf. State v. Mems*, 708 N.W.2d 526, 533 (Minn. 2006) ("Prior adverse rulings by a judge, without more, do not constitute judicial bias.").

The record includes a transcript of the hearing in Byers' wife's case,[2] which indicates that, after Byers' wife gave the tax court an untimely motion to quash a subpoena, the court said:

> [T]he [subpoenaed] books and records of the bakery would show what had been paid out or not paid out * * * so I'm * * * not terribly sympathetic because you and your husband have the means to prove your case, and you've chosen and Mr. Byers has chosen not to appear.

The tax court's statement that it was "not terribly sympathetic" may indicate that it was "critical or disapproving" of Byers, but the statement did not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, 510 U.S. at 555, 114 S.Ct. 1147. We therefore conclude that the statement

---

1. Because the tax court had inadvertently reversed the income figures on the 1099s for 2000 and 2001, the court also granted the motion in part to amend a finding of fact so that it reflected the appropriate amounts found on Byers' 1099s.

2. Byers' wife received wages in 1996, 1997, and 1998, but did not file tax returns for those years. Byers was subpoenaed to produce records in his wife's case. The records were from the Glen Lake Bakery, an entity that Byers owned and where Byers' wife worked.

does not indicate that the tax court judge was biased.

■ Byers also argues that the judge was biased because she denied his request for a continuance. Before the tax court denied Byers' request for a continuance of the March 6 trial date, the tax court had already rescheduled numerous pretrial deadlines at Byers' request. According to the court, Byers "informed the Court, for the first time, that he had filed a federal tax appeal based upon the same tax years" only six days before trial. Moreover, when the tax court inquired about the tax appeal, Byers admitted that it had been dismissed and that he was unable to verify that the case had been reinstated by the date of the trial. Additionally, as the court noted, the commissioner "had witnesses ready, and was prepared to go to trial." Thus, we conclude that the tax court's decision was not clearly erroneous.[3]

Affirmed.

GILDEA, J., took no part in the consideration or decision of this case.

---

3. Because we have concluded that the tax court did not err when it denied Byers' motion to remove the tax court judge, we need not address Byers' argument that the tax court also erred when it denied his motion to have the chief judge reconsider the removal motion.