# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN PETERSON,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE JENNIFER
ELLIOTT, DISTRICT JUDGE,
Respondents,
and
CAROL PETERSON; LARRY BERTSCH;
SHANE THOMPSON; LISA
THOMPSON; AND MELANIE LARSON,
Real Parties in Interest.

No. 69405

FILED

SEP 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF PROHIBITION*

This is an original petition for a writ of mandamus, prohibition, or certiorari, challenging an order finding petitioner in contempt and requiring his self-surrender into custody. In a divorce proceeding, petitioner Brian Peterson stipulated to a 25-day stayed jail sentence for his contempt conditioned on his future compliance with court orders and relinquishment of certain funds to the court-appointed receiver. He failed to hand over to the receiver all of an October loan repayment he had received, but shortly thereafter handed over the rest of the payment. Without requesting contempt sanctions, the receiver notified the court of Brian's noncompliance in its special report. Then, in

16-29406

considering the special report and without noticing the parties that it intended to consider contempt, the district court in a "minute order" found Brian in contempt and imposed the stayed jail sentence. The next day, the court entered an order directing Brian to self-surrender to serve his jail sentence.

Having considered the parties' arguments and the record before this court, we conclude that the district court exceeded its jurisdiction by either imposing a new criminal contempt sanction on Brian without affording Brian full criminal process or by imposing the previously stayed contempt sanction without notice to either party and without first holding a hearing.[1] *See Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 650, 5 P.3d 569, 571-72 (2000) (explaining that a writ of prohibition is appropriate when the district court exceeds its jurisdiction by finding contempt; for example by finding contempt without a proper

---

[1]Because the record includes a November 24, 2015, order imposing the previously suspended jail sentence and does not include an order further suspending that contempt sanction, it is unclear whether the contempt sanctions entered in December 2015 were new contempt sanctions or the imposition of the previously suspended contempt sanctions.

And while real party in interest Carol Peterson argues that the writ petition should be denied because Brian did not provide this court with an adequate record, we choose to exercise our discretion to consider the writ petition because Brian has demonstrated grounds for a writ of prohibition despite any shortfalls in the record. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (explaining that it is within this court's sole discretion to determine if a writ petition will be considered).

(O) 1947A

affidavit in support of contempt). The district court's contempt sanction was criminal in nature because Brian could do nothing to avoid the jail sentence as he had already cured his noncompliance by providing the balance of the October payment to the receiver. *Lewis v. Lewis*, 132 Nev., Adv. Op. 46, 373 P.3d 878, 881 (2016). As the contempt was criminal in nature, if the contempt sanctions were new sanctions then Brian should have been afforded full criminal process, including notice and a hearing, before the criminal sanction was imposed on him. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826, 833 (1994) (providing that "[c]riminal contempt is a crime in the ordinary sense" and requires full criminal process (quotations omitted)).

Further, to the extent the district court was imposing the previously stayed jail sentence as a result of Brian's noncompliance, the court should have held a hearing to determine whether Brian had failed to comply and whether his noncompliance was innocent, otherwise explainable, or undeserving of contempt sanctions. *Thomas v. Woollen*, 266 N.E.2d 20, 23 (Ind. 1971); *Mahady v. Mahady*, 448 N.W.2d 888, 891 (Minn. Ct. App. 1989) (a second hearing is required to allow the contemnor "to be heard on questions of performance or excusable non-performance of purging conditions" and the court may "order confinement only if, at the second stage, it determines that the obligor failed without excuse to comply with the purge conditions"). The fact that Brian had stipulated to the stayed jail sentence does not preclude him from challenging the district court's process in determining when and how to impose the stayed jail sentence whether he had failed to comply, or whether his noncompliance warranted imposition of the stayed sentence, but does

preclude him from challenging the duration of the jail sentence. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION instructing the district court to vacate its December 17, 2015, order for Brian to self-surrender, issue an order to show cause why Brian should not be held in contempt, and hold a hearing on the contempt allegations prior to imposing the previously stayed jail sentence.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:   Hon. Jennifer Elliott, District Judge, Family Court Division
      Ford & Friedman, LLC
      Anthony A. Zmaila Limited PLLC
      Chesnoff & Schonfeld
      McCullough, Perez & Dobberstein, Ltd.
      The Jimmerson Law Firm, P.C
      Melanie Larson
      Eighth District Court Clerk

