*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0417**

In the Marriage of:

Elizabeth Doree Hanson, petitioner,
Appellant,

vs.

Todd David Hanson,
Respondent.

**Filed November 10, 2025
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-FA-18-2895

Elizabeth D. Harvey, St. Paul, Minnesota (pro se appellant)

Todd D. Hanson, Wausau, Wisconsin (pro se respondent)

Considered and decided by Slieter, Presiding Judge; Bjorkman, Judge; and
Bratvold, Judge.

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

Appellant challenges the denial of her motion to hold respondent in constructive
civil contempt of court for failing to pay spousal maintenance. She argues that the district
court (1) abused its discretion by granting respondent's request to conduct the hearing

virtually, (2) abused its discretion by declining to hold respondent in contempt, (3) erred in denying her other requests for relief, and (4) was biased against her. We affirm.

**FACTS**

The marriage of appellant Elizabeth Doree Hanson n/k/a Elizabeth Doree Harvey (wife) and respondent Todd David Hanson (husband) was dissolved in February 2020. The dissolution judgment requires husband to pay wife spousal maintenance in installments of $5,000 per month for 60 months. In January 2023, the district court modified husband's maintenance obligation, based on the parties' stipulation, requiring him to pay $4,000 per month in two monthly installments until he pays a total of $137,000.

On September 26, 2024, wife moved the district court to hold husband in contempt for failure to pay maintenance, stating that he had not paid the two installments due that month. The district court scheduled a virtual hearing for February 26, 2025. Wife later filed three requests for an earlier hearing date, all of which the district court denied.[1] But the court converted the scheduled hearing to an in-person evidentiary hearing.

The day of the hearing, husband advised the district court that he injured his back and asked to have the hearing conducted virtually. The district court granted the request. In his testimony, husband admitted that he had not paid maintenance since August 2024 and owed wife $24,000. Husband stated that he was unable to pay, explaining he was unemployed for "almost three-and-a-half years," but was awaiting a decision on a claim

---

[1] In doing so, the court noted that wife had not personally served husband with her motion and would need to do so before the hearing. It is undisputed that wife mailed the motion documents to husband the same day she filed them with the district court.

for disability benefits that, if approved, could provide funds to pay maintenance. He acknowledged receiving a $300,000 stock payout from his former employer in 2023 and earning $14,000 in commissions for consulting work in 2024. But he indicated that the funds were gone, largely used to pay overdue debts, repay family members who supported him during his unemployment, and pay spousal maintenance. He reported having no assets besides $14 in his bank account and that he was struggling to meet his other financial obligations, including rent. When wife expressed concern that husband was hiding assets, the court questioned him further about any other income as an employee or independent contractor and any financial holdings in his own name or through trusts or corporations, domestically or abroad; he denied any such income or assets.

The district court denied wife's contempt motion, reasoning that contempt is not "the appropriate remedy" because husband lacks the ability to pay. The court found husband's testimony about his financial circumstances credible. It noted wife's belief that husband is hiding assets but expressed "concern about [her] credibility" in light of the various "unrelated and confusing allegations" throughout the materials she submitted with her contempt motion and found that there is "no credible evidence . . . that [husband] is hiding assets." The court acknowledged wife raised various other issues, including her assertion that husband stole her business assets. It explained that those issues were not relevant to the contempt motion or otherwise properly before the court and, therefore, denied "[a]ll other requests for relief." But because husband was undisputedly $24,000 in arrears on his maintenance obligation, the court ordered entry of a civil judgment against

3

him for that amount, advising wife that she could take the judgment to his bank "or anywhere else [she] may discover he has assets."

Wife appeals.[2]

## DECISION

I. **The district court did not abuse its discretion by conducting the hearing virtually.**

District courts are responsible for "overseeing and regulating courtroom conduct and procedure" and have broad discretion in how to execute that responsibility. *State v. Romine*, 757 N.W.2d 884, 892 (Minn. App. 2008) (quotation omitted), *rev. denied* (Minn. Feb. 17, 2009). Relatedly, Minnesota Judicial Branch policy establishes the default format for different hearing types but affords district courts discretion to deviate from the default "on a case-by-case basis." Minn. Jud. Council, *Remote & In-person Hearings Policy* 525, https://mncourts.gov/_media/migration/ciomedialibrary/news-and-public-notices/525-feb2025.pdf (Policy 525) [https://perma.cc/UA94-29PT].

Wife contends the district court abused its discretion by conducting the hearing virtually because (1) husband's excuse for not appearing in person was invalid, (2) the court should have continued the hearing, and (3) the use of a virtual format deprived her of an evidentiary hearing. None of these arguments persuades us to reverse.

First, as to the validity of husband's excuse—that he injured his back—wife essentially argues that husband was not credible. But it is not our role to weigh his

---

[2] Husband did not file a brief in this court, but we consider the appeal on its merits under Minn. R. Civ. App. P. 142.03.

credibility. Rather, it was the role of the district court to determine whether husband was credible, and we defer to that determination. *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 298 (Minn. App. 2007).

Second, regarding the alternative of continuing the hearing, "[w]hether to grant a continuance is discretionary with the district court." *Richter v. Richter*, 625 N.W.2d 490, 495 (Minn. App. 2001), *rev. denied* (Minn. July 24, 2001). Although nothing in the record suggests that either party requested a continuance, the district court explained that it considered continuing the hearing to permit the parties to appear in person but opted instead for a virtual hearing so that wife—who had repeatedly asked the district court to accelerate the hearing—would not have to wait any longer. We discern no abuse of discretion in this reasoning.

Third, the February 26, 2025 hearing was an evidentiary hearing. It was scheduled to be an evidentiary hearing consistent with *Mahady v. Mahady*, 448 N.W.2d 888 (Minn. App. 1989). And while the default format for a family-court evidentiary hearing is in-person, *see* Policy 525, that does not mean that conducting the hearing virtually negated its evidentiary nature. To the contrary, the district court placed husband under oath and took his testimony—which is evidence. *Black's Law Dictionary* 696 (12th ed. 2024) (defining "evidence"). The record does not reflect that wife gave an oath or affirmation, but she also addressed the court, and the court considered her remarks. Neither party proposed to offer exhibits, although husband at one point held a document up to the screen and described it to the district court. This approach of deciding the matter based solely on testimony is consistent with the reality that, "[o]ften, only the alleged contemnor can testify as to his or

5

her 'reasons for failure to comply.'" *Crockarell v. Crockarell*, 631 N.W.2d 829, 833 (Minn. App. 2001) (quotation omitted), *rev. denied* (Minn. Oct. 16, 2001).

In sum, wife has not demonstrated that the district court abused its discretion by conducting the evidentiary hearing virtually.

**II.     The district court did not abuse its discretion by declining to hold husband in contempt.**

A district court may find a person in constructive civil contempt of court for "disobedience of any lawful judgment, order, or process of the court." Minn. Stat. § 588.01, subd. 3(3) (2024). Failure to pay spousal maintenance may constitute such contempt and warrant imposition of a "punish[ment]." Minn. Stat. § 518A.72 (2024). But the court's role in a civil-contempt proceeding is not to punish but "to make meaningful the rights of one party as against another." *Crockarell*, 631 N.W.2d at 833 (citing *Hopp v. Hopp*, 156 N.W.2d 212, 216 (Minn. 1968)). Consequently, a district court may only find a maintenance obligor in civil contempt if the court determines "that the obligor had the ability to pay the obligations as they came due" and is financially able to satisfy the conditions that the court sets for purging the contempt. *Mahady*, 448 N.W.2d at 890. In other words, a person subject to civil contempt must be given "the keys to the jail cell" in the form of purge conditions that they have the ability to meet. *Id.*

We review a district court's decision whether to "invoke its contempt power" for an abuse of discretion. *Crockarell*, 631 N.W.2d at 833. A district court abuses its discretion if it makes factual findings that lack evidentiary support, misapplies the law, or renders a decision that is "against logic and the facts on record." *Bender v. Bernhard*, 971 N.W.2d

6

257, 262 (Minn. 2022) (quotation omitted). We defer to the district court's factual findings and credibility determinations. *Szarzynski*, 732 N.W.2d at 298.

Wife argues that the district court abused its discretion by declining to hold husband in contempt. She emphasizes that he does not dispute that he has failed to pay spousal maintenance and that his failure to pay has caused her significant financial distress, including likely eviction. But the maintenance award already recognizes wife's financial need. Minn. Stat. § 518.552, subd. 1 (2024); *Schmidt v. Schmidt*, 964 N.W.2d 221, 226 (Minn. App. 2021). And the district court indicated—consistent with contempt caselaw— that it wanted to see that she receives maintenance: "One of the goals in the judiciary is to enforce our orders. I very much wish to enforce [the maintenance award] for you . . . ." The court appropriately recognized the limits on its contempt authority, specifically that it could only hold husband in contempt if he was able to pay. *Mahady*, 448 N.W.2d at 890.

Wife challenges the district court's finding on this point.[3] She asserts that husband, as the obligor, had the burden to prove he was unable to pay. *Crockarell*, 631 N.W.2d at 833. And she contends that he failed to satisfy that burden because he did not present any supporting documentary evidence. The district court expressly found that husband's testimony regarding his financial resources was credible. That testimony alone was a

---

[3] Wife also seems to take issue with the district court's statement during the hearing that it was unable to send husband to jail for contempt because she did not provide proof that she personally served him with the contempt motion and related documentation. The court made that comment in response to wife's statement: "I just think that he needs to go to jail and be in contempt now." Its denial of her contempt motion—as clearly indicated in its oral remarks and its written order—was based solely on husband's inability to pay. As such, the service issue is not before us.

sufficient basis for finding he was unable to pay, *see Crockarell*, 631 N.W.2d at 833, and we will not second-guess the district court's decision to credit it, *Szarzynski*, 732 N.W.2d at 298. On this record, we conclude the district court did not abuse its discretion by declining to hold husband in civil contempt.[4]

### III. Wife has not demonstrated any error in the district court's denial of her other requests for relief.

In denying wife's contempt motion, the district court noted that wife also "made other requests," including raising concerns about "her alleged business assets stored in a storage locker that she believes [husband] stole," asking the court to order husband "to provide various financial documents of alleged off-shore accounts she believes he holds," and asking the court to order "a storage locker owner to disclose who allegedly purchased or stole her property." The court explained that those requests are not relevant to the contempt proceeding and "it would be inappropriate for the Court to direct or engage in the discovery process with no motion regarding discovery pending."

Wife seems to challenge this aspect of the court's decision, repeatedly discussing the loss of her business assets and her belief that husband was involved and asserting that the court should have "demanded proof" from husband and "judicially discover[ed]" the

---

[4] Wife asserts throughout her brief that husband has failed to pay for so long that he "is now guilty of a felony" under Minn. Stat. § 609.375, subd. 2a (2024), and requests that he be "charged as a felon." But the matter before the district court was wife's motion to hold husband in *civil* contempt, not a criminal matter. And the decision whether to bring criminal charges falls to the prosecutor, not the court. *See State v. Strok*, 786 N.W.2d 297, 303 (Minn. App. 2010) (discussing prosecutorial charging discretion, which is "not subject to review by the judiciary").

8

truth or issued a subpoena so she could get the information she seeks. This challenge is unavailing for two reasons.

First, a party who "inadequately briefs" an argument forfeits the argument. *Brodsky v. Brodsky*, 733 N.W.2d 471, 479 (Minn. App. 2007). That is the situation here. While wife devotes a significant portion of her brief to these concerns, she makes no discernible legal argument and identifies no legal authority that would support a determination that the district court erred in denying relief based on these concerns.

Second, while wife principally focuses on access to information, nothing in the record indicates that she (1) sought discovery from husband in any of the various forms contemplated in the rules of civil procedure, (2) requested a subpoena under Minn. R. Civ. P. 45.01 to facilitate discovery, or (3) moved the district court for an order to compel discovery under Minn. R. Civ. P. 37.01. *See* Minn. Gen. R. Prac. 301.01(d) ("The Minnesota Rules of Civil Procedure apply to Family Court Actions as to matters not addressed by these rules."). Under these circumstances, we discern no error by the district court in concluding that it was not in a position to grant wife other relief.

## IV.    Wife is not entitled to relief based on judicial bias.

Wife contends the judge who presided over the contempt matter was biased against her. She asks us to "take action in regard to [the judge's] improper handling of [the] case" and to ensure that the judge be "completely removed from any future proceedings in regard to [wife]." We presume that district court judges properly discharge all judicial duties, *Hannon v. State*, 752 N.W.2d 518, 522 (Minn. 2008), and will not impute bias from adverse rulings or critical remarks, *Byers v. Comm'r of Revenue*, 735 N.W.2d 671, 673 (Minn.

9

2007).  *See also Olson v. Olson*, 392 N.W.2d 338, 341 (Minn. App. 1986) (stating that "adverse rulings . . . clearly cannot constitute bias").  Wife does not point to any conduct by the judge beyond ruling against her and making decisions that she dislikes.  Simply saying that the judge's decisions are "always against" her does not demonstrate judicial bias.  Moreover, our careful review of the record reveals no indication of bias.  To the contrary, the judge thoroughly questioned husband about his financial resources, followed up with additional questions after wife expressed her belief that he was hiding resources, and sought to afford wife some means of getting the maintenance due to her by entering judgment in her favor.  On this record, wife has not demonstrated that she is entitled to relief because of judicial bias.

**Affirmed.**